DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
WIDLING

Docket No. 69370. Argued April 3, 1984 (Calendar No. 6).—Decided
     December 28, 1984. Released January 17, 1985. Rehearing denied
     421 Mich 1202.

     The Detroit Automobile Inter-Insurance Exchange brought an
     action in the Oakland Circuit Court against Richard Widling, a
     named insured under an automobile policy issued by DAIIE,
     seeking a declaration that it was not liable under the terms of
     the policy for damages that a passenger in an automobile
     operated by Widling and owned by the passenger might recover
     against Widling as a result of an accident. The court, William
     J. Beer, J., granted, *sua sponte,* summary judgment for the
     plaintiff, holding that a "non-owned automobile" exclusion in
     the policy was valid. The Court of Appeals, N. J. Kaufman, P.J.,
     and V. J. Brennan and Tahvonen, JJ., reversed on the grounds
     that there was no genuine issue as to a material fact in dispute
     and that the plaintiff was entitled to judgment as a matter of
     law because such exclusions are unenforceable (Docket No.
     55450). The plaintiff appeals.

     In a unanimous opinion by Justice Kavanagh, the Supreme
     Court *held:*

     Summary judgment should not have been granted on the
     ground that there was no genuine issue as to any material fact
     where the question whether the vehicle driven by the defen-
     dant was uninsured was in dispute. Questions regarding resi-
     dual coverage raised by the plaintiff which are of importance to
     owners and drivers of motor vehicles and to persons injured in
     automobile accidents should not be decided without further
     adequate briefing on both sides of the issue.

     Vacated and remanded.

     114 Mich App 6; 318 NW2d 551 (1982) vacated.

*Condit, McGarry & Schloff, P.C.* (by *Michael D. Schloff*), for the plaintiffs.

Amicus Curiae:

*Eggenberger, Eggenberger, McKinney & Weber,*

*P.C.* (by *William D. Eggenberger* and *Paul D. Hofmeister),* for State Farm Mutual Automobile Insurance Company.

KAVANAGH, J. This is an appeal from a decision of the Court of Appeals reversing a summary judgment for plaintiff.

Richard Widling and Sylvia Todd lived in the same household. Defendant Widling was involved in an automobile collision while operating a car owned by Todd. Todd, who was a passenger in her vehicle, suffered personal injuries as a result of the accident, for which she filed suit for damages against Widling.

This action commenced when plaintiff Detroit Automobile Inter-Insurance Exchange (DAIIE) filed a complaint for a declaratory judgment against the defendant. The complaint asserted that although defendant was a named insured under an automobile policy issued by plaintiff, plaintiff was not liable under the terms of the policy for any damages Todd might recover against defendant on account of the accident.

Defendant moved for summary judgment of dismissal under GCR 1963, 117.2(1) (failure to state a claim upon which relief may be granted) on the basis that the "non-owned automobile" exclusion upon which plaintiff relied to avoid liability, was void under the Court of Appeals decision in *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767; 282 NW2d 472 (1979). Plaintiff opposed the motion for summary judgment, maintaining the vehicle owned by Todd and operated by defendant is excluded from coverage under the terms of the policy and that the excluding provision is not void.

The trial court denied defendant's motion for summary judgment and *sua sponte* granted plain-

tiff summary judgment under GCR 1963, 117.3 (no genuine issue of material fact in dispute and plaintiff entitled to judgment as a matter of law), holding the "non-owned automobile" exception valid and applicable to this case.

The Court of Appeals reversed, finding that this Court's decision in *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982), held that such "non-owned automobile" exceptions were unenforceable.

We granted leave to consider whether such clauses should be held absolutely void.

When we first considered this question in *Ruuska,* three justices were of the opinion that such clauses were violative of the no-fault automobile liability act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* and therefore absolutely void and unenforceable. 412 Mich 334-337 (WILLIAMS, J.). One justice concluded:

> "An insurer is not required by the no-fault act to provide portable coverage when the owner drives another insured vehicle.[8]

---

"[8] Other provisions and policies of the act are implicated where a person insured or covered by a no-fault policy drives an uninsured vehicle. No opinion is intimated in that regard."

---

412 Mich 343 (LEVIN, J., *concurring).*

That justice additionally concluded that such clauses were void and unenforceable on other grounds. Three justices agreed that the no-fault act did not require portable coverage when the owner drives another insured vehicle, but would have held that the clause was enforceable. 412 Mich 353-354 (COLEMAN, C.J., for reversal).

In the instant case, DAIIE's complaint alleged that the Todd vehicle was uninsured. Widling's answer denied that the Todd vehicle was unin-

sured. Widling filed a motion for summary judgment asserting that the exclusionary clause was void under *Ruuska.*

The circuit judge denied Widling's motion and granted summary judgment to DAIIE. The file does not contain a motion by DAIIE for summary judgment. Inexplicably, the judge said that it was "undisputed" that the Todd vehicle was uninsured. Widling twice filed for rehearing, arguing *inter alia* that the judge had granted summary judgment on the basis of facts that were disputed, including whether the Todd vehicle was insured. These motions were denied.

The judge erred in granting summary judgment where there was a disputed question of fact.

The question reserved in *Ruuska*—whether portable residual liability coverage is required by the no-fault act when the insured drives another vehicle that is uninsured—should not be addressed unless it is determined that the Todd vehicle was uninsured.

If it were to be determined that the Todd vehicle is insured, it may be necessary to reconsider the holding in *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51; 272 NW2d 555 (1978), that an exclusion from liability coverage for bodily injury to an insured or any family member residing in the same household as the insured was violative of the Motor Vehicle Code. Shortly before *Sivey* was decided,[1] the Legislature amended § 3131 of the no-fault act to provide that residual liability coverage is not required "in this state other than that required by section 3009(1)." 1978 PA 460, MCL 500.3131; MSA 24.13131. Section 3009(1) does not include the language of the Motor Vehicle Code

---

[1] *Sivey* was decided on December 26, 1978. 1978 PA 460 was approved October 16, 1978.

relied on in *Sivey.* MCL 500.3009(1); MSA 24.13009(1).

If the authority of *Sivey* was vitiated by the 1978 amendment of § 3131 of the no-fault act and § 3009(1) does not require residual liability coverage when the vehicle is being operated by an authorized driver and the exclusionary clause in issue is valid, then the no-fault act may not *require* residual liability coverage unless an insured vehicle is being driven by the owner-insured. The result could be that often there would be no residual liability insurance applicable to an insured vehicle.

This suggests that whether there are limitations on residual liability coverage when the insured is driving an uninsured vehicle and when an insured vehicle is being driven by a person other than the insured are questions of considerable importance in the application of the no-fault act.

Widling has not filed a brief in this Court. We should not decide questions of such importance to owners, drivers, and injured persons without adequate briefing on both sides of the question, which might be obtained by inviting amicus briefs from the plaintiffs' and defendants' bars.

We vacate the decision of the Court of Appeals and remand to the circuit court for further proceedings consistent with this opinion.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with KAVANAGH, J.