STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
SNAPPY CAR RENTAL, INC

Docket No. 131729. Submitted July 8, 1992, at Detroit. Decided
    September 21, 1992, at 9:35 A.M. Leave to appeal sought.

The State Farm Mutual Automobile Insurance Company brought
an action in the Oakland Circuit Court against Snappy Car
Rental, Inc., seeking a declaration that the defendant was
primarily liable for the defense and indemnification of Monique
Davis, who had been involved in an accident while driving an
automobile rented from the defendant. The defendant counter-
claimed, seeking a declaration that it, as a self-insurer, was
liable only for such amounts that exceeded the coverage avail-
able under a no-fault policy issued by the plaintiff to the
brother of Ms. Davis. The court, Fred M. Mester, J., granted
summary disposition for the defendant, determining that the
plaintiff must provide the primary coverage for and defense of
Ms. Davis. The court found that the provision in the defen-
dant's rental agreement that permitted a renter to provide
property damage and bodily injury coverage from a separate
source was valid and that the provision in the plaintiff's policy
that denied coverage with respect to a nonowned vehicle where
the vehicle was owned by a business that leased vehicles was
not applicable to a short-term rental agreement. The plaintiff
appealed.

The Court of Appeals *held:*

1. The provision in the rental agreement permitting the
renter to supply coverage for bodily injury and property dam-
age rather than purchasing that coverage from the defendant is
not violative either of the no-fault act or the financial responsi-
bility act, because it does not deny liability under all circum-
stances, but rather establishes a priority of coverage when
other coverage exists.

2. The provision in the plaintiff's policy that defines "car
business" as a business involved in the leasing of vehicles is not

REFERENCES
Am Jur 2d, Automobile Insurance §§ 238-245, 340 *et seq.*, 434.
See the Index to Annotations under Automobile Insurance; No-fault
    Insurance.

so unambiguous as to include the defendant's business of short-term rentals.

Affirmed.

1. INSURANCE — RENTAL VEHICLES — OPTIONAL COVERAGE — PRIORITY OF COVERAGE.

A self-insured car rental company may provide in its rental agreement that the renter of a vehicle has the option of refusing bodily injury and property damage insurance coverage by the rental company and supplying that coverage independently; such a clause establishes priority of coverage where there is other coverage for the rented vehicle.

2. INSURANCE — NONOWNED VEHICLES — CAR BUSINESS — LEASED VEHICLES — RENTED VEHICLES.

An exclusion in an automobile insurance policy that denies coverage with respect to the operation of a vehicle that is owned by a person or organization engaged in a car business and that defines a car business as one whose purpose is to lease vehicles is ineffective with respect to an automobile rented pursuant to a short-term agreement rather than a long-term lease.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Ernst W. Kuck* and *Nicholas S. Andrews*), for the plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Charles A. Huckabay* and *Thomas M. Caplis*), for the defendant.

Before: MURPHY, P.J., and SHEPHERD and T. S. EVELAND,* JJ.

MURPHY, P.J. Plaintiff appeals from a declaratory judgment entered in favor of defendant. We affirm.

This case arises from a car accident on September 25, 1988, involving a 1988 Ford Taurus owned by defendant and rented to Monique Davis. Ms. Davis was driving the car when she was involved

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in an accident with Harvey and Anna Gilmore, who then sued Ms. Davis.

Defendant was self-insured with respect to the automobile. Defendant's rental agreement provided the renter with the option of paying an additional amount for insurance coverage by defendant or, in the alternative, to agree that the car was not covered for bodily injury or property damage by defendant and that the coverage was to be provided by the renter or the renter's existing insurance. Ms. Davis chose to provide coverage through her own insurer.

Plaintiff had issued a policy for liability insurance covering a car owned by Danny LaMont Nelson, the brother of Ms. Davis. Ms. Davis was a resident relative of Mr. Nelson. Plaintiff's policy with Mr. Nelson provided that there was no coverage for a temporary, nonowned car if the car was owned by a "car business" and if there was other liability coverage. "Car business" is defined in plaintiff's policy to include a business which has as its purpose the leasing of motor vehicles.

Plaintiff filed its complaint for declaratory judgment, contending that defendant was primarily liable for the defense and indemnification of Ms. Davis. Defendant counterclaimed for declaratory relief, contending that defendant's liability was only in excess of plaintiff's primary coverage. Both plaintiff and defendant moved for summary disposition pursuant to MCR 2.116(C)(10).

The circuit court found that the option provision of defendant's rental agreement was valid, and further found that defendant was not in the "car business" as that term is defined in plaintiff's policy. The circuit court entered a declaratory judgment in favor of defendant, determining that plaintiff had the duty to provide primary liability

insurance, as well as the defense for Ms. Davis and defendant in the suit initiated by the Gilmores.

I

Plaintiff contends that the provision of defendant's rental agreement that states that defendant, at the option of the person renting the car, is not providing liability insurance is void because it is not specifically permitted by the no-fault act and because the effect of the provision is to place the responsibility of providing primary residual liability insurance upon the permitted user, as opposed to the owner.

The no-fault act requires insurers to pay medical and work-loss benefits to their policyholders for injuries resulting from auto accidents, regardless of fault. MCL 500.3105; MSA 24.13105; *Powers v DAIIE,* 427 Mich 602, 611; 398 NW2d 411 (1986). When an accident results in serious injury or death, however, the injured person may still sue the negligent driver in tort to recover noneconomic damages. MCL 500.3135; MSA 24.13135; *Powers, supra,* 611. Because of this "residual tort liability," the no-fault act requires the owner of a motor vehicle to provide residual liability insurance. Section 3101(1) of the no-fault act, MCL 500.3101(1); MSA 24.13101(1), provides, in pertinent part:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.

The scope of coverage regarding an automobile accident, however, is determined by the financial responsibility act. *League General Ins Co v Budget*

*Rent-A-Car of Detroit,* 172 Mich App 802, 805; 432 NW2d 751 (1988). Section 520(b) of the Vehicle Code (the financial responsibility act), MCL 257.520(b); MSA 9.2220(b), requires the owner of a vehicle to provide insurance that covers permitted users of the vehicle.[1] That section provides, in pertinent part:

> Such owner's policy of liability insurance:
>
> &ast;   &ast;   &ast;
>
> (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle.

An exclusionary clause that conflicts with the liability coverage required by the no-fault act is invalid. See *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321, 336; 314 NW2d 184 (1982). Further, exclusionary clauses contained in policies that are not contemplated by the no-fault act are generally invalid and unenforceable. *League General, supra,* 805. An exclusionary clause is not per se invalid, however, simply because it is not specifically provided for in the no-fault act. *State Farm Mutual Automobile Ins Co v Auto-Owners Ins Co,* 173 Mich App 51, 54; 433 NW2d 323 (1988).

This Court has resolved similar issues relating to exclusionary clauses with varying results. In

---

[1] Our Supreme Court in *DAIIE v Widling,* 420 Mich 549, 552-553; 362 NW2d 227 (1984), speculated, without resolving the question, that §§ 3131 and 3009(1) of the no-fault act, MCL 500.3131, 500.3009(1); MSA 24.13131, 24.13009(1), may not require residual liability coverage when the vehicle is being operated by an authorized driver where there is a valid exclusionary clause, or unless the vehicle was being operated by the owner-insured. *Widling, supra,* 553.

*Universal Underwriters Ins Co v State Farm Automobile Ins Co,* 172 Mich App 342; 431 NW2d 255 (1988), Travis Davidson leased a car from an automobile dealership and was subsequently involved in a car accident. Davidson was insured by State Farm with respect to another vehicle. The lease agreement between Davidson and the dealership provided that the lessee assumed full responsibility for any loss or damage arising from the use of the vehicle. Universal, as the dealership's insurer, eventually sued State Farm to recover the portion of damages Universal had paid with respect to the accident. The district court granted summary disposition to State Farm, and the circuit court affirmed. This Court also affirmed, holding that Universal's attempt to exclude insurance coverage for lessees was in conflict with the coverage required by the no-fault act and the Vehicle Code and that the exclusionary provisions were therefore invalid. *Id.,* 346.

In a somewhat similar case, *League General, supra,* Dorothy Strong rented a car from Budget for use by her son, Peter Strong. The rental agreement provided that other than the insured, no one under the age of twenty-one was permitted to drive the car. Budget's insurance policy provided that Budget was insured for all drivers using the car with Budget's permission. Peter permitted his girl friend, who was under the age of twenty-one, to drive the car and they were subsequently involved in an accident. Peter sued, seeking recovery from Budget's insurer. Dorothy Strong's insurer then brought suit for declaratory judgment against Budget and others. The circuit court held that Budget's insurer was not the insurer of the driver and had no duty to defend. This Court reversed, holding that Budget's insurer could not circumvent the no-fault act by indirectly excluding a

class of unnamed drivers who could not be excluded directly.

. In *State Farm v Auto-Owners, supra,* however, this Court concluded that a rental exclusion contained in an Auto-Owners garage liability policy was valid. In that case, a used car dealership rented a motor home to Robert Thomas for one week. Mr. Thomas permitted another person to drive the motor home and an accident occurred. The car dealership was insured under an Auto-Owners insurance policy that excluded coverage for an automobile leased to another person. State Farm had issued an automobile insurance policy to Mr. Thomas with respect to another vehicle. The driver of the other vehicle filed suit, and State Farm filed a declaratory action. The trial court found in favor of Auto-Owners, and denied State Farm declaratory judgment.

This Court affirmed, rejecting the argument that an automobile insurance policy may not contain an exclusion not specifically authorized by the Legislature, on the basis of our Supreme Court's holding in *Powers, supra.* This Court further noted that the exclusion in question did not limit the coverage required by the financial responsibility act, because the requirements may be met by the policies of more than one insurer and there was appropriate coverage in that case. *State Farm v Auto-Owners, supra,* 54-55. This Court therefore held that the exclusionary provision was valid and enforceable. *Id.,* 55.

We resolve this case in accordance with *State Farm v Auto-Owners, supra,* rejecting the argument that an automobile insurance policy may not contain an exclusion not specifically authorized by the Legislature. Although defendant is not permitted to contract away its statutory obligation to provide residual liability insurance as the owner of

a vehicle, or its statutory obligation to provide insurance coverage for permitted users, neither the no-fault act nor the financial responsibility act specifically require that an owner provide primary residual liability insurance for permitted users. Rather, as in *State Farm v Auto-Owners, supra,* the coverage requirements may be met by the policies of more than one insurer. *Id.,* 54-55.

In this case, we read the clause in defendant's policy not as an attempt to limit the residual liability insurance or first-party benefits, because defendant is obligated to provide coverage consistent with the no-fault act and the financial responsibility act. Rather, we read the clause only as an attempt to establish the priority of coverage as contracted for by Ms. Davis. We therefore hold that the provision of defendant's rental agreement in question is not void as violative of the no-fault act.

## II

Plaintiff also contends that the circuit court erred when it determined that the exclusion in plaintiff's policy for cars owned by a "car business" did not apply in this case. Plaintiff's insurance policy issued to Mr. Nelson provides, in pertinent part:

Temporary Substitute Car, Non-Owned Car, Trailer.

If a temporary substitute car, a non-owned car or a trailer designed for use with a private passenger car or utility vehicle has other similar vehicle liability coverage on it, then these coverages are excess. THESE COVERAGES SHALL NOT APPLY:

a. IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION ENGAGED IN A CAR BUSINESS, AND

b. IF THE INSURED HAS OTHER LIABILITY COVERAGE

WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE.

Plaintiff's policy defines a "car business" as a "business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers."

In the factually similar case of *Ins Car Rentals, Inc v State Farm Mutual Automobile Ins Co,* 152 Ill App 3d 225; 105 Ill Dec 387; 504 NE2d 256 (1987),[2] the defendant's policy included a similar "escape clause" excluding coverage where other coverage existed. Coverage was excluded for any car owned by a person in the "car business," defined as "a business or job where the purpose is to sell, lease, repair, service, transport, store or park (cars)." *Id.,* 235. The Illinois court held in that case that the definition did not include the rented car in question, because the short-term nature of a rented car differs from the long-term nature of a lease.

An insurance contract is unambiguous if it fairly admits of only one interpretation. *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 181-182; 468 NW2d 498 (1991). An insurance contract is ambiguous, however, if after reading the entire contract, the language can be understood in different ways. *Bianchi v Automobile Club of Michigan,* 437 Mich 65, 70; 467 NW2d 17 (1991); *Hawkeye-Security Ins Co v Vector Construction Co,* 185 Mich App 369, 381; 460 NW2d 329 (1990). Ambiguities are construed against the insurer, being the drafter of the contract. *Bianchi, supra,* 70; *Hawkeye, supra,* 381. Where an ambiguity exists, exclusionary clauses are strictly construed

---

[2] We note that while Illinois does not have a no-fault scheme as does Michigan, the discussion relevant to the definition of the term "car business" is unrelated to no-fault principles and is persuasive in this case.

against the insurer. *Vanguard Ins Co v Clarke,* 438 Mich 463, 472; 475 NW2d 48 (1991).

We agree with the circuit court that the language is ambiguous. A "car business" as defined by plaintiff's policy appears to describe activities of a car dealership, where a car could be purchased or leased for a long term. By contrast, renting a car from a rental agency implies a short-term agreement not necessarily fitting within the car business definition. We therefore construe this exclusionary clause against plaintiff in favor of coverage.

### III

Plaintiff further contends that defendant is liable to the full limits of defendant's policy, as opposed to the statutory limits. Because we resolve this case in favor of defendant, we do not reach this issue.

Affirmed.