CITIZENS INSURANCE COMPANY OF AMERICA v
FEDERATED MUTUAL INSURANCE COMPANY

WISSWELL v FEDERATED MUTUAL INSURANCE COMPANY

Docket Nos. 97159, 98713. Argued December 7, 1994 (Calendar Nos.
1-2). Decided March 21, 1995.

Citizens Insurance Company of America brought an action in the
Kent Circuit Court against Federated Mutual Insurance Com-
pany, seeking a declaration of its liability for injuries sustained
in an automobile accident, in which the driver was insured by
Citizens for a personal automobile not involved in the accident
and the vehicle involved in the accident was insured by Feder-
ated. Federated had denied coverage for any "permitted" user
who is otherwise insured for an amount equal to that specified
by the no-fault act. The court, Dennis B. Leiber, J., granted
summary disposition for the plaintiff, finding the Federated
policy invalid because it contravened the financial responsibil-
ity act. The Court of Appeals, GRIFFIN, P.J., and CORRIGAN, J.
(NEFF, J., dissenting), affirmed (Docket No. 133540). Federated
appeals and Citizens cross appeals.

Martina J. Wisswell brought an action in the St. Clair Circuit
Court against Federated Mutual Insurance Company and State
Farm Mutual Automobile Insurance Company, seeking a decla-
ration regarding which insurer is primarily obligated to provide
residual liability insurance benefits for the personal injuries
she sustained, while a passenger, in an automobile accident
involving a loaned vehicle insured by Federated driven by a
person whose no-fault insurer was State Farm. The State Farm
policy contained a "car business exclusion," and the Federated
policy denied coverage to any permitted user. The court, James
T. Corden, J., found the Federated policy invalid. The Court of
Appeals, BRENNAN, P.J., and CORRIGAN and R. C. ANDERSON,
JJ., affirmed in part in an unpublished opinion per curiam,
finding the Federated policy invalid because it contravened the
financial responsibly act (Docket No. 140618). Federated ap-
peals.

In an opinion by Chief Justice BRICKLEY, joined by Justices
LEVIN, CAVANAGH, BOYLE, RILEY, and MALLETT, the Supreme
Court held:

Federated's policy of motor vehicle liability insurance issued

to each of the vehicle owners in these cases is invalid because it denies coverage for liability arising from the use of an insured vehicle, in contravention of the no-fault act. The policy is deemed to provide primary coverage in an amount equal to that required by the no-fault act. State Farm's "car business exclusion" unambiguously excludes coverage under the facts of the case and does not violate the no-fault act.

1. The no-fault act unambiguously requires that a policy of automobile insurance, sold to a vehicle owner pursuant to the act, must provide coverage for residual liability arising from the use of the insured vehicle. While Federated's denial of residual coverage might be reconciled with the financial responsibility act, its failure to comply with the no-fault act renders it invalid. Although the financial responsibility act presents legitimate methods to satisfy the insurance obligations created by the no-fault act, it does not permit an insurer to circumscribe the coverage directed by the no-fault act.

2. Because the obligation to obtain residual liability insurance is triggered by the obligation to register a vehicle, rather than by the operation of the vehicle, it is reasonable to conclude that the owner or registrant of the vehicle has the primary duty to provide residual liability insurance. Accordingly, in each of these cases, Federated must provide the statutory minimum primary residual liability coverage. Because, generally, one who uses another's vehicle is not required to provide residual liability coverage for injuries or death arising from the use of that other vehicle, i.e., the coverage is optional, the extent of Citizen's and State Farm's insurance obligation is governed by the terms of their respective policies.

3. In *Citizens,* under the terms of its policy Citizens is obligated only to pay benefits for any remaining residual liability within its policy limits. In *Wisswell,* State Farm's unambiguous "car business exclusion" is not invalid as violative of the financial responsibility or no-fault acts. Thus, State Farm is not responsible for the payment of residual liability benefits.

Affirmed.

Justice WEAVER took no part in the decision of these cases.

199 Mich App 345; 500 NW2d 773 (1993) affirmed.

*Bremer, Wade, Nelson, Lohr & Corey* (by *Phillip J. Nelson* and *Barbara L. Olafsson)* for plaintiff-appellee Citizens Insurance Company of America.

*Fordney, Dust & Prine* (by *Andrew W. Prine,*

*P.C.*), for defendant-appellant Federated Mutual Insurance Company.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Ernst W. Kuck*), for defendant-appellee State Farm Mutual Automobile Insurance Company.

BRICKLEY, C.J. These automobile insurance cases, consolidated for the purpose of appeal, involve the requirements of Michigan's no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, and financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.*, relative to vehicle ownership. In each case we are asked to decide the validity of a vehicle owner's policy of liability insurance that denies coverage to any permissive user who is otherwise insured for an amount equal to that specified by the no-fault act. We hold that the vehicle owner's policy at issue is invalid because it denies coverage for liability arising from use of an insured vehicle, in contravention of the no-fault act. Consequently, the policy will be deemed to provide primary coverage in an amount equal to that required by the no-fault act.

In *Wisswell v Federated Mutual Ins Co,* we are also asked to consider the legal effect of a "car business exclusion" contained in an insurance policy purchased by the driver of the vehicle involved in that case. We hold that the exclusion unambiguously excludes coverage under the facts of this case and does not violate the no-fault act.

I

Each of these cases arises from an automobile accident involving a vehicle insured under an automobile liability policy issued by appellant Federated Insurance Company to the vehicle owner.

In each case, the driver of the vehicle carried insurance for a personal automobile that was not involved in the accident at issue. Citizens Insurance Company insured the driver in *Citizens Ins Co v Federated Mutual Ins Co,* 199 Mich App 345; 500 NW2d 773 (1993), and State Farm insured the driver in *Wisswell v Federated Mutual Ins Co,* unpublished opinion per curiam of the Court of Appeals, issued January 5, 1994 (Docket No. 140618). Following the accident in each case, personal injury actions were initiated by the accident victims against the respective drivers.

These appeals involve disputes between Federated and the respective insurer of each driver concerning who is primarily obligated to provide residual liability insurance benefits for the personal injuries and death that resulted from these automobile accidents. The first issue in both appeals is whether the owner's policy of automobile liability insurance, issued by Federated Insurance Company to the vehicle owner, contravenes the compulsory insurance laws of this state. In *Citizens* and *Wisswell,* the circuit court and Court of Appeals held that the coverage provision of Federated's insurance policy was invalid because it contravened the financial responsibility act, MCL 257.520; MSA 9.2220. We agree with the result reached by the Court of Appeals in both cases, but hold that Federated's policy violates the no-fault act, regardless of whether it may or may not comply with the financial responsibility act.

II

Michigan's no-fault act requires the *owner* or *registrant* of a motor vehicle to purchase an automobile insurance policy that provides among other coverage "residual liability insurance." MCL

500.3101(1); MSA 24.13101(1);[1] *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982). The residual liability insurance required by the no-fault act must afford coverage for enumerated types of loss caused by or arising from the "*use* of a motor vehicle." MCL 500.3131, 500.3135; MSA 24.13131, 24.13135;[2] *Ruuska, supra.* The obligation to insure against liability arising from the *use* of a motor vehicle is also expressed in § 3009(1), which describes the amount of residual coverage required for losses "arising out of the ownership, maintenance, or *use* of a motor vehicle . . . ." MCL 500.3009(1); MSA 24.13009(1).[3]

---

[1] At the outset of this litigation § 3101(1) of the no-fault act provided in pertinent part:

> The *owner* or *registrant* of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway. [Emphasis added.]

Section 3101 has since been amended by 1993 PA 143. Because that amendment is not relevant to the resolution of this case, we do not include it here.

[2] Section 3131(1) of the no-fault act describes the type of residual liability coverage required under the no-fault act as follows:

> Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions, or in Canada. This insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs. *In this state this insurance shall afford coverage for automobile liability retained by section 3135.* [Emphasis added.]

The automobile liability retained by § 3135 is an enumerated type of "tort liability arising from the ownership, maintenance, *or use* within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect . . . ." MCL 500.3135(2); MSA 24.13135(2) (emphasis added).

[3] The Legislature amended the no-fault act in 1978 to expressly incorporate § 3009 as the provision governing the amount of coverage required by the act. The amendment added the following subsection to § 3131:

Thus, while subject to certain exceptions not at issue here, the no-fault act unambiguously requires that a policy of automobile insurance, sold to a vehicle owner pursuant to the act, must provide coverage for residual liability arising from *use* of the vehicle so insured.

A

Despite the no-fault act's clear demand on the insurers of vehicle owners to provide residual liability coverage for losses arising from use of the insured vehicle, Federated denies residual liability coverage to an entire class of persons who *use* the vehicles that it insures. The policy language by which Federated attempts to deny coverage states as follows:

> D. WHO IS AN INSURED
> 1. *For Covered Autos.*
> a. *You* are an *insured* for any covered *auto.*
> b. Anyone else is an *insured* while using with *your* permission a covered *auto* except:
>
> \* \* \*
>
> (3) *Your* customers, if *your* business is shown in ITEM ONE of the declarations as an *auto* dealership. However, if a customer of *yours:*
> (a) Has no other available insurance (whether primary, excess or contingent), he or she is an

---

(2) This section shall not require coverage in this state other than that required by section 3009(1). This section shall apply to all insurance contracts in force as of October 1, 1973 . . . . [1978 PA 460, § 1, effective immediately, October 16, 1978.]

We note this here because the parties as well as the Court of Appeals, have referred to the financial responsibility act, MCL 257.520(b); MSA 9.2220(b), as the law governing the amount of residual liability coverage required by vehicle owners in this state. Because the amount of liability insurance prescribed by MCL 257.520(b); MSA 9.2220(b) is currently the same as that required by § 3009, our observation on this point is offered merely as a clarification.

*insured* but only up to the compulsory or financial responsibility law limits where the covered *auto* is principally garaged.

(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered *auto* is principally garaged, he or she is an *insured* only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

In a sentence, Federated's insurance policy provides primary residual liability coverage only if the driver of a "covered" vehicle is uninsured or underinsured. In all other circumstances, Federated completely denies residual liability coverage for losses arising from the use of a "covered" vehicle. This Federated cannot lawfully do because the no-fault act clearly directs that a policy sold pursuant to the act must provide residual liability coverage for *use* of the vehicle insured.

Notwithstanding the no-fault act, Federated urges us to focus on the financial responsibility act and contends that the exclusion of coverage contained in its policy is "authorized and contemplated by the financial responsibility act." In particular, Federated relies on subsections (i) and (j) of the financial responsibility act, MCL 257.520; MSA 9.2220, which provide:

(i) Any motor vehicle liability policy may provide for the prorating of the insurance thereunder with other valid and collectible insurance.

(j) The requirements for a motor vehicle liability policy may be fulfilled by the policies of 1 or more insurance carriers which policies together meet such requirements.

According to Federated, because in each of these cases the driver's insurance policy, when taken

together with Federated's insurance policy, will afford benefits of an amount specified by law, its insurance policy complies with public policy evidenced by the financial responsibility act. We question the premise of Federated's argument because it suggests that the financial responsibility act manifests the controlling public policy of this state concerning automobile insurance.

The no-fault act, as opposed to the financial responsibility act, is the most recent expression of this state's public policy concerning motor vehicle liability insurance. Therefore, while Federated's insurance policy might well be reconciled with the financial responsibility act, its failure to comply with the no-fault act nevertheless renders it violative of public policy. An insurance policy that is repugnant to the clear directive of the no-fault act otherwise cannot be justified by the financial responsibility act.

Our conclusion does not render the financial responsibility act meaningless. To the contrary, the financial responsibility act continues to present legitimate methods by which vehicle owners may satisfy the insurance obligations created by the no-fault act. Subsections (i) and (j) of the financial responsibility act provide a method by which an owner may allocate insurance costs among various policies that he may have purchased for a particular vehicle. Likewise, under subsections (i) and (j), multiple owners of the same vehicle may allocate the cost of insurance among their individual policies. However, neither subsection (i) nor subsection (j) of the financial responsibility act permits an insurer, such as Federated, to circumscribe the coverage directed by the no-fault act; to reach that conclusion would not accord proper deference to the policy judgment implicit in the Legislature's decision to require *owners* and

registrants of motor vehicles to obtain insurance for the residual liability arising from the *use* of their vehicles. See MCL 500.3101; MSA 24.13101.

### B

Our refusal to sanction Federated's attempt to circumscribe the coverage required by the no-fault act, does not compel us to overrule the Court of Appeals decision in *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992), as suggested by the dissenting panelist in *Citizens, supra. Snappy* is factually distinguishable from the instant cases.

*Snappy* involved the validity of a short-term car rental contract that provided the renter with an option of paying an additional amount of money for insurance coverage through Snappy Car Rental or agreeing that insurance coverage would be provided by the renter's insurance. The renter elected to provide coverage through her own insurer. When the rental vehicle was involved in a fatal accident, a dispute arose between the rental agency's insurer and the renter's insurer with regard to who was primarily responsible for paying residual liability insurance benefits. The issue was whether the rental contract was valid. The Court of Appeals held that the *rental contract* was not rendered invalid by the no-fault act or the financial responsibility act and thus concluded that the renter's insurer was primarily responsible for payment of residual liability benefits. *Id.* at 150.

The instant cases are significantly distinguishable from *Snappy.* In contrast to the mutual, valid, and enforceable contract between the Snappy Car Rental and its customer, Federated's insurance policy attempts to unilaterally dictate the respec-

tive insurance obligations of a vehicle owner and those who may use the insured vehicle. The Legislature has not expressly granted such substantial authority to insurers, nor will we. Accordingly, we agree with the majority in *Citizens, supra,* that the critical distinction between the instant cases and *Snappy* is that in *Snappy,* it was the permissive user, not the insurer, who made the election that resulted in the allocation of coverage.

C

Having concluded that Federated's insurance liability policy is invalid, we must next determine the amount of residual liability coverage that Federated must provide. We resolve that question in accord with *State Farm Mutual Automobile Ins Co v Shelly,* 394 Mich 448; 231 NW2d 641 (1975), in which this Court held that when an unambiguous insurance policy is void because it is against the policy of the Motor Vehicle Accidents Claims Act, MCL 257.1101 *et seq.*; MSA 9.2801 *et seq.,* the reinstated coverage is limited to the amount required by the applicable automobile insurance law. See also MCL 500.3101; MSA 24.13101, which states that a policy represented or sold as providing security shall be deemed to provide insurance for the payment of the benefits described in § 3101 of the no-fault act.

In this state, the amount of residual liability coverage required by the applicable no-fault law is determined by reference to § 3009(1). See MCL 500.3131(2); MSA 24.13131(2). Section 3009(1) requires coverage of at least $20,000 for injury or death of one person, and $40,000 for injury or death of two or more persons (20/40 coverage). MCL 500.3009(1); MSA 24.13009(1). Therefore, Federated's reinstated coverage must provide the 20/40 statutory minimum.

Moreover, Federated's reinstated coverage is *primary* to any insurance benefits that may be available under policies that the drivers have purchased. Although we acknowledge that the Legislature has remained silent concerning who among competing insurers must provide *primary* residual liability benefits, we refuse to construe that silence as expressly authorizing an owner's insurer, such as Federated, to unilaterally dictate the priority of coverage among insurers in a manner that shifts insurance costs to the nonowner of the vehicle. To construe the Legislature's silence in that manner would undermine the dominant principle expressly embodied by the no-fault act: vehicle owners and their insurers are responsible for bearing the costs of injuries caused by the permissive use or operation of the vehicle. Instead, because the obligation to obtain residual liability insurance is triggered by the obligation to register a vehicle, rather than by the operation of the vehicle, we think it reasonable to conclude that the owner or registrant of the vehicle has the primary duty to provide residual liability insurance.

Accordingly, in each of these cases, Federated must provide *primary* 20/40 residual liability coverage.

### III

In light of our decision concerning the scope of Federated's insurance obligations, we must decide to what extent, if any, Citizens, as the insurer of the driver in *Citizens v Federated,* and State Farm, as the insurer of the driver in *Wisswell,* are also obligated to pay residual liability insurance benefits. As this Court has previously held, one who uses another's vehicle generally is not required to provide residual liability coverage for

injuries or death arising from use of that other vehicle. *State Farm v Ruuska, supra* at 343 (opinion of LEVIN, J.), and 353 (opinion of COLEMAN, C.J.). Because such coverage is optional, the extent of Citizen's and State Farm's insurance obligations is governed by the terms of their respective policies.

A

In *Citizens v Federated,* the driver of the vehicle was insured by Citizens Insurance Company under a policy that contained the following language:

> If there is Other Insurance.
> The Company shall not be liable under this Section Two for a greater proportion of any loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, *the insurance with respect to a temporary substitute automobile or a non-owned Automobile shall be excess insurance over any other collectible insurance.* [Emphasis added.]

The validity and applicability of this provision is not at issue. Therefore, given our above conclusion that Federated must provide primary 20/40 coverage, Citizens is only obligated to pay insurance benefits for any remaining residual liability within its policy limits.

B

In *Wisswell,* the driver of the rental vehicle was insured by State Farm under an automobile liability policy that contained the following "car business" exclusion:

> 3. Temporary Substitute Car, Non-Owned Car, Trailer.

If a *temporary substitute car,* a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle* has other similar vehicle liability coverage on it, then these coverages are excess. THESE COVERAGES SHALL NOT APPLY:

a. IF THE VEHICLE IS OWNED BY ANY *PERSON* OR ORGANIZATION IN A *CAR BUSINESS;* AND

b. IF THE *INSURED* HAS OTHER LIABILITY COVERAGE WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE.

We agree with the Court of Appeals that this exclusion is unambiguous and does not defeat the reasonable expectations of the insured. The exclusion is printed in capital letters, uses terms in accordance with their ordinary meaning, and is easily understood by a casual reader. Thus, we hold that State Farm's "car business exclusion" unambiguously excludes coverage when, as here, the insured is using a temporary substitute car owned by a car business. Moreover, we conclude that State Farm's unambiguous exclusion is not invalid as violative of the financial responsibility act. Although not addressed by the Court of Appeals, Federated has argued that State Farm's policy is an "operator's policy" that under subsection (c) of the financial responsibility act, MCL 257.520(c); MSA 9.2220(c), must provide the same 20/40 residual liability coverage required of a vehicle owner. According to Federated, because State Farm's policy affords no amount of residual liability coverage, it consequently violates the financial responsibility act and therefore is invalid.

A similar argument was raised in *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767; 282 NW2d 472 (1979). In rejecting that argument, this Court focused on the no-fault act, as opposed to the financial responsibility act, and concluded that "[a]n insurer is not required by the

no-fault act to provide portable coverage when the owner drives another insured vehicle." 412 Mich 343. Thus, in accord with *Ruuska,* the "car business exclusion" contained in State Farm's policy is not invalid because it does not violate the no-fault act, MCL 500.3101; MSA 24.13101. State Farm may exclude coverage for items not required by law, and, because it unambiguously has done so, State Farm is not responsible for the payment of residual liability benefits.

IV

For the reasons expressed in this opinion, we affirm the decision of the Court of Appeals and hold that the policy of motor vehicle liability insurance that Federated issued to each of the vehicle owners in these cases is invalid as violative of the no-fault act and consequently is deemed to provide primary 20/40 coverage prescribed by the act. With respect to the coverage required of the insurers for each driver, we hold that in *Citizens,* Citizens must afford excess coverage to that of Federated, and in *Wisswell,* that State Farm is not responsible for payment of residual liability benefits because it unambiguously excluded coverage in a manner that is not violative of the no-fault act.

LEVIN, CAVANAGH, BOYLE, RILEY, and MALLETT, JJ., concurred with BRICKLEY, C.J.

WEAVER, J., took no part in the decision of these cases.