HUSTED v AUTO-OWNERS INSURANCE COMPANY

Docket No. 172743. Submitted June 14, 1995, at Grand Rapids. Decided September 22, 1995, at 9:20 A.M.

Marcia Husted, as personal representative of the estate of Richard Allen Husted, Jr., brought an action in the Kalamazoo Circuit Court against Henry C. Dobbs and his employer following the death of the decedent in a collision between his motorcycle and an uninsured truck owned by Dobbs' employer and driven by Dobbs in the course of his employment. A default judgment was entered against Dobbs. Dobbs filed an action against Auto-Owners Insurance Company, the no-fault insurer of his personal automobiles, alleging breach of contract in Auto-Owners' failure to defend him against Husted's action. In the action filed by Dobbs, the court granted summary disposition for Auto-Owners, ruling that coverage for the accident was excluded by a policy provision denying coverage when the named insured drove any automobile not of the private passenger type while used in a business or occupation of the named insured. The Court of Appeals, HOOD, P.J., and CONNOR and R. C. KAUFMAN, JJ., in an unpublished opinion per curiam, decided May 27, 1992 (Docket No. 134674), affirmed the grant of summary disposition. Husted filed a writ of garnishment against Auto-Owners, alleging that the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, and public policy required residual liability coverage under the Auto-Owners policy for the accident. The court, Richard Ryan Lamb, J., granted summary disposition for Auto-Owners, ruling that the policy exclusion was valid and did not violate the no-fault act or the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.* In making this ruling, the court rejected Auto-Owners' contention that res judicata and collateral estoppel barred consideration of Husted's claim. Husted appealed, and Auto-Owners cross appealed.

The Court of Appeals *held:*

1. A person who uses another person's vehicle is not required

REFERENCES
Am Jur 2d, Automobile Insurance §§ 341, 351.
See ALR Index under Automobile Insurance; No-Fault Insurance.

by the no-fault act to provide residual liability coverage for injury or death arising from the use of the vehicle. Because such coverage is optional, the extent of an insurer's obligations is governed by the insurer's policy. A policy exclusion that denies coverage when an insured drives a nonowned, nonpassenger-type vehicle for business use does not violate the no-fault act or public policy.

2. Res judicata and collateral estoppel do not apply because Dobbs' action against Auto-Owners and Husted's filing of a writ of garnishment against Auto-Owners involved different parties and different issues.

Affirmed.

INSURANCE — NO-FAULT — RESIDUAL LIABILITY COVERAGE — NON-OWNED AUTOMOBILES.

Residual liability coverage for injury or death arising from the use of a vehicle not owned by the insured is not required by the no-fault act; the extent of an insurer's obligation for injury or death arising from the insured's use of a nonowned vehicle is governed by the insurer's policy (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*).

*Ford & Kobayashi, P.C.* (by *James B. Ford*), for the plaintiff.

*Piatt, Bartosiewicz, Tiderington & Kimbrel, P.C.* (by *Gary Bartosiewicz*), for the defendant.

Before: GRIBBS, P.J., and MARKEY and R. J. TAYLOR,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendant Auto-Owners Insurance Company's motion for summary disposition. We affirm.

Plaintiff's decedent, Richard Allen Husted, Jr., was killed in August 1984, when his motorcycle collided with a truck driven by defendant Henry Clifton Dobbs. At the time of the accident, Dobbs was driving his employer's uninsured truck. Dobbs had an automobile insurance policy issued by

* Circuit judge, sitting on the Court of Appeals by assignment.

Auto-Owners that covered his two personal vehicles. Plaintiff instituted this action against Dobbs and the truck owner. Dobbs failed to defend, and a default judgment was entered against him. Following entry of the default judgment, Dobbs filed an action against Auto-Owners on the basis that the policy provided coverage. Auto-Owners contended that Dobbs had no coverage because of a policy exclusion denying coverage when the insured drove any nonprivate passenger automobile used in a business or occupation of the named insured. The trial court found that the policy language was clear and unambiguous, that coverage was not provided, and that nothing in the policy could have led Dobbs to believe otherwise. This Court affirmed that decision in *Dobbs v Auto-Owners Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided May 27, 1992 (Docket No. 134674).

In March 1993, plaintiff filed a writ of garnishment against Auto-Owners, alleging that the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.,* mandated residual liability coverage. Auto-Owners denied liability on the basis of this Court's opinion in *Dobbs v Auto-Owners* upholding the policy exclusion. In June 1993, plaintiff filed her motion for summary disposition against Auto-Owners pursuant to MCR 2.116(C)(9) and (10), contending that pursuant to the no-fault statute and public policy, Auto-Owners must provide residual liability coverage for the injuries suffered by plaintiff's decedent. Auto-Owners also moved for summary disposition and responded to plaintiff's motion by alleging that res judicata barred the claim and that the no-fault act did not require portable residual liability coverage. The trial court formulated the issues presented as whether the prior *Dobbs* decision was res judicata or collateral estop-

pel to the claims and issues raised in this suit, and whether the exclusion in the Auto-Owners' policy was void because it contravenes the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.,* and the Michigan no-fault act. The court first found that the doctrines of collateral estoppel and res judicata did not preclude it from deciding the issue of portable residual liability because the parties were not the same and there was no decision on the merits of these issues in the prior *Dobbs* case. The court further found that the legislative intent behind the no-fault act was to have all people insure vehicles that are on the road. In short, the court concluded that this exclusion in Auto-Owners' policy fit within the no-fault statutory scheme by permitting the insurer to predicate its insurance coverage on the type of driving the insured will be doing and the type of vehicle the insured will be driving.

The insurance policy provisions at issue in the instant case provide:

4. DRIVE OTHER CARS.

\* \* \*

(b) Coverage does not apply:

\* \* \*

(3) to any automobile not of the private passenger type while used in a business or occupation of the named insured, spouse or relative, or to any private passenger automobile while used in such business or occupation if operated by a person other than the named insured or spouse or the chauffeur or servant of such named insured or spouse unless the named insured or spouse is present in such automobile.

Again, this Court found that the insurance policy's exclusionary language was unambiguous and

applicable to Dobbs because he was driving his employer's delivery truck when the accident occurred. However, this Court did not at that time address the question whether that exclusion is violative of the no-fault act requirements. Consequently, the issue presented in this appeal is whether the no-fault act's residual liability requirement voids the instant exclusionary clause. We believe it does not.

In reviewing a trial court's decision to grant summary disposition pursuant to MCR 2.116(I), this Court conducts a review de novo to determine whether the pleadings show that a party was entitled to judgment as a matter of law or whether affidavits or other documentary evidence showed that no genuine issue of material fact existed. *Wieringa v Blue Care Network,* 207 Mich App 142, 144; 523 NW2d 872 (1994). If either inquiry results in an affirmative response, the trial court should have rendered judgment without delay. *Id.* at 144-145.

The exclusionary language in the case at bar denies coverage when an insured drives a non-owned, nonpassenger vehicle for business use. Plaintiff first argues that the instant exclusionary clause violates the no-fault residual liability requirement, specifically, the pertinent sections listed below.

MCL 500.3101(1); MSA 24.13101(1) of the no-fault act provides in part:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.

Section MCL 500.3131(1); MSA 24.13131(1) provides:

Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions, or in Canada. This insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs. In this state this insurance shall afford coverage for automobile liability retained by section 3135.

MCL 500.3009(1); MSA 24.13009(1), incorporated into the no-fault act by MCL 500.3131(2); MSA 24.13131(2), provides:

An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless the liability coverage is subject to a limit, exclusive of interest and costs of not less than $20,000.00 because of bodily injury to or death of 1 person in any 1 accident.

Section MCL 500.3135(1); MSA 24.13135(1) also provides:

A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

Plaintiff contends that these sections, when read together, require residual liability coverage when an insured drives any automobile and that exclu-

sionary clauses that defeat this residual liability requirement are void as against public policy and the no-fault act. Recently, this contention was expressly rejected by our Supreme Court in *Citizens Ins Co of America v Federated Mutual Ins Co,* 448 Mich 225, 235-236; 531 NW2d 138 (1995):

> As this Court has previously held, one who uses another's vehicle generally is not required to provide residual liability coverage for injuries or death arising from use of that other vehicle. *State Farm v Ruuska,* [412 Mich 321, 343; 314 NW2d 184 (1982)] (opinion of LEVIN, J.), and 353 (opinion of COLEMAN, C.J.). Because such coverage is optional, the extent of [the insurance companies'] obligations is governed by the terms of their respective policies.

In the case at bar, the terms of Auto-Owners' insurance contract excluded coverage when an insured drove a nonowned, nonpassenger vehicle for business purposes. This is an unambiguous exclusion that does not violate the no-fault act because portable liability coverage is optional, not mandatory, under the act. *Citizens, supra.*

Next, plaintiff relies on the jurisprudence surrounding car lease agreements for the proposition that exclusionary clauses are void. This reliance is misplaced. The basis for finding that the exclusionary clauses were void in the lease cases was that the car rental companies were the owners of the vehicles, and owners are required to carry coverage under the no-fault act. The rental companies' attempts to circumvent this statutory requirement by contracting out of it (i.e., by requiring that the renter obtain primary no-fault coverage) were not upheld; indeed, in some cases, the exclusionary clauses were construed to be only priority clauses, *State Farm Mutual Automobile Ins Co v Snappy*

*Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992), or were found to be void altogether, *Citizens, supra,* and *Citizens Ins Co of America v Federated Mutual Ins Co,* 199 Mich App 345; 500 NW2d 773 (1993). While those cases are instructive in reviewing the legislative intent behind the no-fault act and considering policy arguments, they are not applicable to the case at bar because here defendant insured the *driver,* not the owner, and did not attempt to circumvent the statutory requirement that an owner retain the residual liability insurance.

Plaintiff further contends that application of the basic tenets of statutory construction require that residual liability coverage cannot be excluded. Section 3009(1) of the no-fault act requires liability coverage for use of *a* motor vehicle rather than use of *the* motor vehicle or use of *such* motor vehicle. The financial responsibility act requires liability coverage for use of *such* vehicle. MCL 257.520(b); MSA 9.2220(b). Plaintiff's argument, that the Legislature's use of "a" instead of "such" evinces its intent that the residual liability coverage follow the driver to any vehicle he drives, is simply too broad. The Legislature's use of "a" means that the required residual liability coverage is not limited only to the insured's own vehicle. Rather, it does not expand the requirement to all vehicles an insured may drive and leaves open the possibility for exclusions. The language does not require liability for *any* or *all* or *each and every* vehicle an insured drives. The Legislature could have used these more inclusive adjectives if its intent was to require impervious residual liability coverage. As Justice LEVIN noted in his separate opinion in *Ruuska,* "[t]he no-fault act does not require residual liability insurance covering all vehicles a person may drive." *Ruuska* at 342.

Plaintiff's final argument, that the exclusionary clause is void because it is not specifically authorized by statute, was rejected by this Court in *Snappy Car Rental, supra* at 149. While public policy prevents an automobile liability insurance policy from containing exclusions not specifically authorized by the Legislature, an exclusionary clause is not per se invalid simply because it is not specifically provided for in the no-fault act. *Integral Ins Co v Maersk Container Service Co, Inc,* 206 Mich App 325, 331; 520 NW2d 656 (1994).

Moreover, under plaintiff's interpretation, any policy exclusion would violate the no-fault residual liability requirement when the exclusion resulted in no coverage to someone involved in an accident. Thus, the validity of an exclusion would turn on who was involved in an accident and the parties' respective insurance coverages. This type of ad hoc determination would cripple the insurers' ability to assess their risk, result in additional excessive litigation, and make the policy coverage in each case fact determinative. Consequently, we find that an insurance policy exclusion that precludes coverage while an insured drives a nonowned, nonpassenger vehicle for business use does not violate public policy or the residual liability requirement of the no-fault act.

Defendant, in its cross appeal, argues that the doctrines of collateral estoppel and res judicata bar relitigation of this suit because the issue of "portable" residual liability was decided in the prior suit, *Dobbs, supra,* and although plaintiff was not a party in the prior suit, she participated to such an extent that res judicata applies to her as well. The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo. *Eaton Co Bd of Rd Comm'rs v Schultz,* 205 Mich App 371; 521 NW2d

847 (1994). We disagree with defendant's contention that collateral estoppel and res judicata bar this action.

For collateral estoppel to apply, the parties in the second action must be the same as, or in privity to, the parties in the first action. *People v Gates,* 434 Mich 146, 155-156; 452 NW2d 627 (1990); *Duncan v State Hwy Comm,* 147 Mich App 267, 270; 382 NW2d 762 (1985). A party is one who is directly interested in the subject matter and has a right to defend or to control the proceedings and to appeal from the judgment. A person is in privy to a party if, after the judgment, the person has an interest in the matter affected by the judgment through one of the parties, such as by inheritance, succession, or purchase. *Duncan, supra* at 271.

Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Schultz, supra* at 375.

In the case at bar, plaintiff sued Dobbs and was awarded a default judgment. Dobbs then sued his own insurance company, Auto-Owners, for breach of contract, alleging bad faith and failure to defend. The lower court granted Auto-Owners' motion for summary disposition, finding that there was no expectation of coverage, no ambiguity in the insurance contract, no insurance coverage under the policy, and that Auto-Owners had no duty to defend. Defendant Dobbs appealed that decision to this Court, which affirmed the decision of the trial court and declined to hear the portable residual liability issue because the issue was untimely raised and never ruled on by the trial court. In March 1993, plaintiff filed a writ of garnishment against Auto-Owners, alleging that the no-fault act mandated residual liability coverage. That specific issue was not addressed or decided by the trial

court or this Court in *Dobbs, supra*; thus, there is no res judicata. Further, the parties are not the same in the two cases. The first case was between Dobbs, the tortfeasor, and his insurer. This case is between the injured victim and the tortfeasor's insurer; consequently, collateral estoppel is inapplicable as well. Thus, this suit is not barred by collateral estoppel or res judicata because the issue and the parties are not the same.

Affirmed.