# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 3, 2006

128841

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,
         Plaintiff-Appellant,

v

JEFFREY HALLER, an individual
d/b/a H&H POURED WALLS,
         Defendant,

and

BRADLEY V. DINNAN,
         Defendant-Appellee.
_____/

SC: 128841
COA: 250272
Genesee CC: 02-074963-CK

     On order of the Court, the application for leave to appeal the April 26, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

     MARKMAN, J., dissents and states as follows:

     Jeffrey Haller purposely struck Bradley Dinnan with his truck and as a result was convicted of assault. Dinnan sued Haller, who is insured by plaintiff. Plaintiff brought this action for a declaratory judgment, seeking a determination that it had no duty to defend or to indemnify given the criminal act exclusion contained in its policy. The trial court ruled in favor of Haller, concluding that the exclusion contravened the mandatory coverage requirements of the no-fault act, and the Court of Appeals affirmed.

     The insurance policy at issue states that coverage for bodily injury and property damage arising out of a criminal act is excluded. The issue here is whether this exclusion contravenes the mandatory coverage requirements of the no-fault act.

     MCL 500.3009(1) provides that an automobile insurance policy must cover at least $20,000 worth of bodily injury liability in "any 1 *accident*," and MCL 500.3131(2)

states that it does "not require coverage in this state other than that required by section 3009(1)." (Emphasis added.) Therefore, the no-fault act arguably covers accidents and nothing other than accidents. In this case, Haller was convicted of assault -- a crime that cannot be committed accidentally. Therefore, I question whether coverage under these circumstances is mandatory.

As this Court stated in *Kreiner v Fischer,* 471 Mich 109, 114 (2004), "with the enactment of the no-fault act, 1972 PA 294, effective October 1, 1973, the Legislature abolished tort liability generally in motor vehicle accident cases and replaced it with a regime that established that a person injured in such an accident is entitled to certain economic compensation from his own insurance company regardless of fault." MCL 500.3135(3)(a) provides that tort liability arising from the use of a motor vehicle is abolished except as to "[i]ntentionally caused harm to persons or property." Tort liability remains where one intentionally causes harm to persons or property.

Even assuming that no-fault liability coverage is required under these circumstances, I question whether plaintiff is required to pay the full contractual amount ($300,000), as the Court of Appeals held, rather than the statutory minimum ($20,000). The policy at issue specifically states, "Terms of this policy which are in conflict with the statutes of the state . . . are amended to conform to such statutes." If coverage is required, it would only seem to be required in the amount of $20,000. See also *State Farm Mut Automobile Ins Co v Shelly,* 394 Mich 448 (1975); *Citizens Ins Co of America v Federated Mut Ins Co,* 448 Mich 225 (1995) (holding that the statutory minimum coverage applies when a policy exclusion has been struck down under the no-fault act).

Because, in my judgment, these questions are significant, I would grant leave to appeal.

TAYLOR, C.J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 3, 2006

Corbin R. Davis
Clerk

p0131