DRIELICK v DRIELICK

STATE FARM FIRE & CASUALTY COMPANY v DRIELICK

Docket Nos. 82596, 82719, 83385. Submitted March 18, 1986, at Lansing. Decided May 19, 1986.

Stephen J. Drielick was injured in an automobile accident while riding as a passenger in an automobile operated by his brother, John Drielick. Both Stephen and John died as a result of the accident. The automobile involved in the accident was owned by Sandra P. Maturen and had been put in the hands of John Drielick so that he could perform some repair work on the brakes. Prior to the accident, John Drielick indicated that he and Stephen were going out to "test drive" the Maturen automobile. During the test drive, John and Stephen stopped at a series of bars and became visibly intoxicated. After leaving the last of the bars, John Drielick lost control of the automobile and smashed into a stone and concrete abutment. Diane L. Drielick, personal representative of the estate of Stephen J. Drielick, brought an action for damages in Saginaw Circuit Court against DeLynne M. Drielick as personal representative of the estate of John S. Drielick, Sandra P. Maturen, the Saginaw County Board of Road Commissioners, Gerald W. Miller and Jerry Miller's Elks Tavern. After this action had been commenced, State Farm Fire & Casualty Company, John Drielick's no-fault insurer, instituted a declaratory judgment action against DeLynne Drielick as personal representative of the estate of John Drielick, Diane Drielick as personal representative of the estate of Stephen Drielick, and Detroit Automobile

REFERENCES

Am Jur 2d, Automobile Insurance §§ 343, 354, 355.

Am Jur 2d, Automobiles and Highway Traffic §§ 422-430, 641 *et seq.*

Liability of owner of motor vehicle for negligence of garageman or mechanic. 8 ALR4th 265.

What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

Liability of owner or operator of motor vehicle for injury caused thereby while it is being repaired or serviced. 15 ALR3d 1387.

See also the annotations in the ALR3d/4th Quick Index under Automobile Insurance; Automobiles and Highway Traffic; No-fault Insurance.

Inter-Insurance Exchange, the no-fault insurer of the Maturen automobile, seeking a declaration that John Drielick was not entitled to coverage under these circumstances. Sandra Maturen moved for summary judgment in the principal action, claiming that no issue of material fact existed and that it was clear that John Drielick had been driving her automobile without her express or implied consent or knowledge such that she was entitled to judgment as a matter of law. The trial court, Joseph R. McDonald, J., granted Sandra Maturen's motion for summary judgment. State Farm moved for summary judgment in its declaratory judgment action, claiming that the policy issued to John Drielick excluded coverage when the insured's driving of a non-owned automobile was outside the scope of the consent of the owner of the automobile and that, accordingly, it was entitled to summary judgment because it was clear that John Drielick's use of the Maturen automobile exceeded the scope of any consent given. Judge McDonald granted State Farm's motion for summary judgment, holding that there was no issue of material fact that John Drielick's driving of the Maturen automobile was outside the scope of the permission granted by defendant Maturen. DAIIE moved for summary judgment in the declaratory action, claiming that it was entitled to a judgment declaring it not to be liable, because its insured, defendant Maturen, was not liable. Judge McDonald granted DAIIE's motion. Diane Drielick as personal representative of the estate of Stephen Drielick appealed as of right from the summary judgment granted in favor of defendant Maturen in the principal action. Diane Drielick also appealed as of right from the orders of summary judgment entered in favor of State Farm and DAIIE in the declaratory judgment action. State Farm cross-appealed. *Held:*

1. The trial court erred in holding that the pleadings and depositions clearly established that John Drielick was driving defendant Maturen's automobile without her consent or permission at the time of the action. Accordingly, the trial court erred in granting defendant Maturen's motion for summary judgment, since there was an unresolved question of fact as to whether, at the time of the accident, John Drielick was operating the automobile with the consent or knowledge of defendant Maturen.

2. Since summary judgment in favor of DAIIE was premised on the fact that its insured, defendant Maturen, was not liable, and the question of defendant Maturen's liability remains at issue, it was error to grant summary judgment in favor of DAIIE.

3. While a no-fault insurer may properly limit its residual

liability by providing that it shall have no liability when its insured is operating a non-owned automobile beyond the scope of the consent of the owner or the person in lawful possession of the non-owned automobile, it was error for the trial court to grant summary judgment in favor of State Farm, since there remains a question of fact as to whether John Drielick's operation of the automobile was beyond the scope of the consent granted by defendant Maturen.

Reversed and remanded.

1. AUTOMOBILES — STATUTES — CIVIL LIABILITY ACT — CONSENT.

The civil liability act absolves an automobile owner from liability only when the vehicle is being driven without his express or implied consent or knowledge; the consent or knowledge refers to the fact of the driving and it does not refer to the purpose of the driving, the place of the driving or to the time of the driving (MCL 257.401; MSA 9.2101).

2. AUTOMOBILES — STATUTES — CIVIL LIABILITY ACT.

The purpose of the civil liability act is to place the risk of damage or injury upon the person who has the ultimate control of the vehicle (MCL 257.401; MSA 9.2101).

3. AUTOMOBILES — STATUTES — CIVIL LIABILITY ACT.

The civil liability act makes an automobile owner liable for an injury caused by the driver of the automobile, not because he caused the injury, but because he permitted the driver to be in a position to cause the injury (MCL 257.401; MSA 9.2101).

4. AUTOMOBILES — PRESUMPTIONS — CONSENT — EVIDENCE — CIVIL LIABILITY ACT.

The presumption that a motor vehicle, taken with the permission of its owner, is thereafter being driven with his express or implied consent or knowledge is not overcome by evidence that the driver has violated the terms of the original permission, nor is it overcome by evidence of good faith efforts by the owner to get the vehicle returned voluntarily by the driver (MCL 257.401; MSA 9.2101).

5. AUTOMOBILES — CIVIL LIABILTY ACT — CONSENT — SUMMARY JUDGMENT.

It is error for a trial court to grant summary judgment in favor of the owner of an automobile on a claim based on the civil liability act for damages resulting from an accident involving the automobile while it was being driven by an automobile mechanic, even where it is uncontested that the mechanic was

using the automobile for a purpose other than the original purpose for which he was given permission to operate the automobile (MCL 257.401; MSA 9.2102).

6. AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE — RESIDUAL LIABILITY — EXCLUSIONS.

An automobile no-fault insurance policy may properly provide that the named insured will be covered while operating a non-owned automobile only if the named insured's use of the non-owned automobile is within the scope of the consent granted by the owner or person in lawful possession of the non-owned automobile.

*Van Benschoten, Hurlburt & Tsiros, P.C.* (by *Lawrence A. Hurlburt*), for Diane L. Drielick.

*Jack E. Kerr,* for DeLynne M. Drielick.

*McGraw & Borchard, P.C.* (by *Patrick J. McGraw*), and *Gromek, Bendure & Thomas* (by *John A. Lydick*), for Sandra P. Maturen and Detroit Automobile Inter-Insurance Exchange.

*Smith & Brooker, P.C.* (by *Mona C. Doyle*), for State Farm Fire & Casualty Company.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and L. F. SIMMONS,* JJ.

BEASLEY, J. Plaintiff in the principal action involved herein, Diane L. Drielick, personal representative of the estate of Stephen J. Drielick, deceased, filed suit against defendants, DeLynne M. Drielick, personal representative of the estate of John S. Drielick, deceased, Sandra P. Maturen, Saginaw County Board of Road Commissioners, Gerald W. Miller and Jerry Miller's Elks Tavern, seeking recovery of damages which resulted from the wrongful death of Stephen Drielick in an automobile accident. Stephen Drielick had been a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

passenger in a car owned by defendant Maturen and driven by John Drielick at the time the accident occured. John Drielick also died as a result of the accident. Pursuant to stipulation of the parties, a consent judgment was entered against defendant Saginaw County Board of Road Commissioners and Gerald W. Miller in the amount of $12,000. Also pursuant to stipulation of the parties, plaintiff's claim against defendant Jerry Miller's Elks Tavern was dismissed.

Defendant Maturen moved for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), claiming that no genuine issue of material fact existed as to whether defendant John Drielick had driven her car with her express or implied consent or knowledge, as required for liability under MCL 257.401; MSA 9.2101. Defendant Maturen argued that, since John Drielick had not been driving her car with her consent or knowledge, she was entitled to judgment as a matter of law. The trial judge agreed with defendant Maturen's argument and granted her motion for summary judgment. Diane Drielick, a personal representative of the estate of Stephen Drielick, appeals as of right.

After plaintiff Diane Drielick filed her complaint, John Drielick's no-fault insurer, State Farm Fire & Casualty Company, instituted a declaratory judgment action against Diane Drielick as the personal representative of the estate of Stephen J. Drielick, DeLynne Drielick as personal representative of the estate of John S. Drielick, and the Detroit Automobile Inter-Insurance Exchange, seeking a declaration that its insured, John Drielick, was not entitled to coverage under the insurance policy. DAIIE was the no-fault insurer for the owner of the automobile involved in the accident, defendant Maturen. State Farm

moved for summary judgment pursuant to GCR 117.2(3), claiming that no genuine issue of material fact existed as to whether various policy exclusions applied to John Drielick as a driver of defendant Maturen's automobile and that it was entitled to judgment as a matter of law. The trial judge found that, since there was no genuine issue of material fact that John Drielick had driven Maturen's automobile outside the scope of defendant Maturen's permission, a policy exclusion did apply in this situation. Therefore, the trial judge granted State Farm's motion for summary judgment. Plaintiff in the principle action, Diane L. Drielick, as personal representative of the estate of Stephen Drielick, appeals as of right. State Farm cross-appeals.

DAIIE also made a motion for summay judgment, claiming that it was entitled, as a matter of law, to a judgment declaring that, since its insured was not liable in the principle action filed herein, it could not be held liable. The trial judge, after finding that defendant Maturen was entitled to summary judgment, granted DAIIE's motion for summary judgment. Plaintiff in the principle action, Diane L. Drielick, as personal representative of the estate of Stephen Drielick, appeals as of right. State Farm cross-appeals.

These cases arise out of an automobile accident involving one automobile, a Corvette owned by defendant Maturen. The deposition testimony of defendant Maturen and her husband revealed that a week before the accident defendant Maturen had left her car and its keys with John Drielick so that he could perform some repair work on the brakes. Defendant Maturen could not remember giving any specific instructions to John Drielick concerning the use of the car at the time she originally gave the car to him.

The depositions indicate that a few days later, just prior to when the Maturens were leaving on vacation, they went to see John Drielick to inquire as to when he would be finished with the car. They were told by John Drielick that he had not yet received the parts he needed to finish the brake repairs. The Maturens decided to leave the car with John Drielick during their vacation so that he could complete the repairs. The Maturens in their deposition testimony indicated that, at that time, they told John Drielick not to drive the car other than to test check the brakes in order to complete the repairs.

Deposition testimony also revealed that, several days after the Maturens left on vacation, John Drielick had, at around 11:00 P.M. at night, told his brother's mother-in-law that he and his brother, Stephen Drielick, were going to "test drive" defendant Maturen's car. During the "test drive" of the car, John and Stephen Drielick stopped at a series of bars and became visibly intoxicated. After leaving the last bar, John Drielick lost control of defendant Maturen's car and smashed against a stone and concrete abutment, killing himself and his passenger, his brother, Stephen Drielick.

On appeal, plaintiff, Diane Drielick first asserts that the trial judge erred in granting defendant Maturen's motion for summary judgment on the claim brought under the automobile owner liability statute, MCL 257.401; MSA 9.2101, which provides in pertinent part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe

such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.

As previously indicated, the trial judge found that no genuine issue of material fact existed that would possibly lead to a conclusion that John Drielick was driving defendant Maturen's car with her express or implied consent or knowledge at the time of the accident. Thus, the trial judge concluded that defendant Maturen was entitled to judgment as a matter of law under the owner's liability statute.

We find that the trial judge, in making his ruling on this issue, erroneously restricted defendant Maturen's consent to the terms of her original permission (only driving necessary for repairing the brakes). In reaching our conclusion, we note that the Michigan Supreme Court has expressly addressed this issue in *Roberts v Posey,*[1] where the owner of an automobile allowed another man to use his automobile only for the limited purpose of picking up his paycheck. When the man was late in returning the car, the owner searched extensively for him and even eventually called the police to report his car as missing. It was later revealed that the man using the car had an accident with the car while on an independent joyride the next day. In holding that the exception to owner's liability under MCL 257.401; MSA 9.2101 did not apply in this situation, the *Roberts* Court stated:

> The statute absolves the owner from liability only when the vehicle is being *driven* without his

---

[1] 386 Mich 656; 194 NW2d 310 (1972).

express or implied consent or knowledge. The consent or knowledge, therefore, refers to the *fact* of the *driving*. It does not refer to the *purpose* of the driving, the *place* of the drving, or to the *time* of the driving.

The purpose of the statute is to place the risk of damage or injury upon the person who has the ultimate control of the vehicle.

The owner who gives his keys to another, and permits that person to move several thousand pounds of steel upon the public highway, has begun the chain of events which leads to damage or injury.

The statute makes the owner liable, not because he caused the injury, but because he permitted the driver to be in a position to cause the injury.[2]

The *Roberts* Court went on to discuss the evidentiary presumption of statutory consent or knowledge which arises upon proof that the owner gave the driver permission to use the car:

The presumption that a motor vehicle, taken with the permission of its owner, is thereafter being driven with his express or implied consent or knowledge is not overcome by evidence that the driver has violated the terms of the original permission, nor is it overcome by evidence of good faith efforts by the owner to get the vehicle returned voluntarily by the driver.[3]

The *Roberts* holding was later reaffirmed in *Cowan v Strecker.*[4]

In the within case, it is undisputed that defendant Maturen gave John Drielick permission to drive her car for the purpose of testing its brakes. Furthermore, under *Roberts,* the fact that John

2 *Id.,* 661-662.

3 *Id.,* 664-665.

4 394 Mich 110; 229 NW2d 302 (1975).

Drielick may have driven defendant Maturen's car in violation of her original permission is irrelevant for purposes of the owner's liability statute. In addition, there was no evidence presented that defendant Maturen sought to revoke the permission she had given to John Drielick to drive the car. In fact, there was no evidence that defendant Maturen was even seeking to get her car returned at the time of the accident, as was the case in *Roberts*. Based on this factual setting, we are satisfied that the evidentiary presumption that John Drielick was driving defendant Maturen's car with her consent or knowledge was established by the deposition testimony which the trial court considered in deciding defendant Maturen's motion for summary judgment. Therefore, we conclude that the trial judge erred in granting defendant Maturen's motion for summary judgment on the basis that there existed no genuine issue of material fact as to whether John Drielick was driving defendant Maturen's car with her consent or knowledge.

Due to our disposition of this first issue on appeal, we conclude that plaintiff Diane Drielick and State Farm are correct in arguing that the trial judge erred in granting summary judgment to defendant Maturen's no-fault insurer, DAIIE. Defendant Maturen is the named insured in the policy issued by DAIIE and could possibly be held liable to plaintiff under MCL 257.401; MSA 9.2101. Our review of the terms of the policy issued by DAIIE to defendant Maturen indicates that, if defendant Maturen is held liable, DAIIE will be required to cover her obligation arising out of the ownership of her automobile. Therefore, DAIIE is not entitled to summary judgment in this matter.

Last, plaintiff Diane Drielick, on appeal, argues that the trial judge erred in granting State Farm's

motion for summary judgment based on an exclusion in the no-fault insurance policy which it had issued to John Drielick. The policy expressly provides that it covers the insured for liability arising from the use of a non-owned car. However, the policy's separate definition of a non-owned car also provides:

> Non-owned car—as used in Sections I and II means a car not:
> (1) owned by,
> (2) registered in the name of, or
> (3) furnished or available for the regular or frequent use of:
> you, your spouse, or any relatives.
> *The use has to be within the scope of consent of the owner or person in lawful possession of it.* [Emphasis added.]"

In its motion for summary judgment, State Farm argued that there was no genuine issue of material fact that its insured, John Drielick, had operated a non-owned car outside the scope of the owner's permission and, thus, it was entitled to judgment in this case as a matter of law. On appeal, plaintiff Diane Drielick rebuts State Farm's argument in two ways.

First, plaintiff Diane Drielick argues that the applicable policy exclusion is invalid under the Michigan Supreme Court decision in *State Farm Mutual Automobile Ins Co v Ruuska.*[5] In addressing this argument, we first note that in *Ruuska* there was no majority opinion and, therefore, it is of diminished precedential value.[6] In finding that the insurer in *Ruuska* was liable to its insured, three justices held that a definition of a non-owned

---

[5] 412 Mich 321; 314 NW2d 184 (1982).

[6] *People v Anderson,* 389 Mich 155; 204 NW2d 461 (1973).

vehicle which excluded an automobile owned by a relative who resided in the same household was void. The three justices based their conclusion on their finding that the no-fault act requires an insurer to provide its insured with residual liability coverage for certain losses caused by "the use of a motor vehicle," and the non-owned car definition improperly restricted this required coverage. In reaching this conclusion, the three justices expressly noted that their decision was limited to the facts of *Ruuska,* where the insured had used the independently insured car of her father with whom she resided.

Another justice agreed that the insurer was liable in *Ruuska,* but expressly rejected the reasoning of the lead opinion by noting:

> The no-fault act does not require residual liability insurance covering all vehicles a person may drive. Residual liability insurance is required for residual tort liability arising out of the ownership, maintenance or *use* of the vehicle in respect to which a policy is required to be maintained and in effect. An insurer is not required by the no-fault act to provide portable coverage when the owner drives another insured vehicle. [Footnote omitted.][7]

The concurring justice went on to say that the exclusion of a vehicle owned by a relative who resides in the same household from the policy definition of a "non-owned" automobile is unconscionable and contrary to the reasonable expectations of an insured under a policy that expressly covers losses that result from the use of a non-owned automobile.

The three dissenting justices agreed with the concurring justice that the no-fault act does not

_____
[7] *Ruuska, supra,* pp 342-343.

require residual liability insurance covering all vehicles an insured may drive. However, the three dissenters went on to find that it was presumptuous to guess what the reasonable expectations of the insured may have been. They concluded that the exclusionary language was not ambiguous or unconscionable and, thus, was enforceable.

In applying *Ruuska* to the policy exclusion in the definition of a "non-owned automobile" in the within case, we first note that the lead opinion did not address an exclusion based on the scope of the owner's permission, as is involved herein. Since this lead opinion in *Ruuska* was to be limited to the specific facts in that case, we decline to extend it to the policy exclusion in this case. In fact, the exclusion of an insured's operation of a non-owned automobile beyond the scope of the owner's permission appears to be consistent with the no-fault act. This exclusion appears to be a reasonable extension of MCL 500.3113; MSA 24.13113, which provides in pertinent part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
> (a) The person was using a motor vehicle which he had taken unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle.

However, even if the policy exclusion would be void under the reasoning of the lead opinion in *Ruuska,* we note that the validity of the reasoning in that opinion is in serious doubt. In *Ruuska* itself, four justices expressly rejected the basis of the lead opinion by finding that the no-fault act did not require residual liability insurance covering all vehicles an insured may drive. In addition,

the Michigan Supreme Court recently indicated, without expressly deciding, that the no-fault act does not require an insurer to provide portable coverage when the owner drives another insured vehicle.[8] Therefore, we conclude that the lead opinion in *Ruuska* does not require us to find the policy exclusion in the within case void where the insured, John Drielick, was driving a non-owned automobile insured by another (defendant Maturen).

The concurring opinion in *Ruuska* also does not apply to invalidate the exclusion in this situation. As indicated, the exclusion for the use of a non-owned vehicle beyond the scope of the owner's permission is largely consistent with the no-fault act. Furthermore, such an exclusion is not contrary to the reasonable expectations of the insured in the same way an exclusion of a car owned by a relative who resides with the insured may be. While an insured might not reasonably expect an automobile owned by a relative living in the same household to be excluded from the definition of a non-owned automobile, an insured could reasonably expect that the policy might include limitations on his use of a non-owned automobile.

Based on the factual distinction between the policy in *Ruuska* and the exclusion in this case, we conclude that the mere fact that the exclusion was included in the policy definition of a non-owned automobile rather than as a separate policy exclusion does not render the exclusion unconscionable or contrary to the reasonable expectations of the insured. Since, upon a fair reading of the entire insurance policy, the terms of the policy exclusion in this case are clear, unambiguous and not in

---

[8] *DAIIE v Widling,* 420 Mich 549; 362 NW2d 227 (1984).

contravention of public policy or the no-fault act, the policy exclusion is valid and enforceable.[9]

It is further claimed that the trial court erred in granting summary judgment to State Farm, because a genuine issue of material fact exists as to whether the policy exclusion applies in this case. Plaintiff Diane Drielick claims that it may be possible to establish that State Farm's insured, John Drielick, was using the non-owned automobile "within the scope of the consent of the owner or person in lawful possession of it." We agree.

Deposition testimony properly considered at the time of State Farm's motion for summary judgment revealed that John Drielick had said that he was taking defendant Maturen's car for a "test drive." Although testimony revealed that the "test drive" was performed prior to the brake repairs being completed, the "test drive" may have still been linked to the repair work. In addition, the deposition testimony revealing that John Drielick proceeded to visit a few bars during the "test drive" does not completely preclude a possible finding that he was driving defendant Maturen's automobile within the "scope of her consent." Furthermore, we note that the only testimony establishing that defendant Maturen had limited John Drielick's use of her automobile to repair purposes was that of defendant Maturen and her husband. The insured, who was the only other party to the alleged conversation, is deceased. Deposition testimony also revealed that defendant Maturen's husband had allowed John Drielick to use his automobile on a previous occasion.

In this factual setting, we believe that the interpretation of the meaning of the policy exclusion language "within the scope of the consent of the

[9] See *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355; 314 NW2d 440 (1982).

owner" and the application of such an interpretation to the facts in this case should be left to the trier of fact. The trier of fact should be allowed to assess the credibility of the witnesses, to determine the actual scope of defendant Maturen's consent to John Drielick's use of her car, and to decide whether the policy exclusion applies in this situation. Therefore, we conclude that the trial judge erred in granting State Farm's motion for summary judgment.

However, in reaching our conclusion on this issue, we expressly find that plaintiff Diane Drielick's assertion that John Drielick himself was "a person in lawful possession of Maturen's car" for purposes of the policy exclusion and, thus, could himself set the "scope of consent" for use of the car, would render the policy exclusion meaningless and, thus, is without merit. Upon remand of this case, which is required since all the motions for summary judgment were erroneously granted, plaintiff Diane Drielick may not validly assert this interpretation of the policy exclusion. We also refuse to address State Farm's assertion that other policy exclusions apply in this situation, since the trial judge has not yet had a chance to address these issues. On remand, State Farm may raise the application of these other policy exclusions in the trial court.

Reversed and remanded.