Wilder, P.J.
 

 Petitioners Walter J. and Margerett F. Trudeau appeal as of right the dismissal of their guardianship petitions by the Roscommon County Probate Court for lack of jurisdiction. The probate court concluded that it was divested of jurisdiction to consider the guardianship petitions filed under MCL 700.424; MSA 27.5424 because the children’s father Patrick Martin (hereafter Martin) had executed a power of attorney delegating parental authority to his sister Sherry Andrews (hereafter Andrews). We reverse.
 

 Initially, we note that, at the time of oral arguments in this Court, the power of attorney granting Andrews parental authority over the minor children had expired, both by statutory dictate and because Andrews, with Martin’s consent, had already voluntarily relinquished the minor children to petitioners. Thereafter, petitioners filed renewed petitions for guardianship that were uncontested by respondents and granted by the probate court. Thus, the issue before us is technically moot. We address it, nonetheless, because the issue is one which is likely to recur, yet also is likely to evade judicial review.
 
 In re Midland Publishing Co, Inc,
 
 420 Mich 148, 152, n 2; 362 NW2d 580 (1984);
 
 In re Parole of Franciosi,
 
 231 Mich App 607, 615; 586 NW2d 542 (1998).
 

 
 *255
 
 A trial court’s determination regarding the existence of subject-matter jurisdiction is a question of law that this Court reviews de novo. MCR 2.116(C)(4);
 
 Smith v Smith,
 
 218 Mich App 727, 729; 555 NW2d 271 (1996). Probate courts are courts of limited jurisdiction and derive their jurisdiction and power from statutory authority.
 
 In re Wirsing,
 
 456 Mich 467, 472; 573 NW2d 51 (1998);
 
 D’Allessandro v Ely,
 
 173 Mich App 788, 794; 434 NW2d 662 (1988). Probate courts have exclusive jurisdiction over guardianship proceedings. MCL 700.21(c); MSA 27.5021(c).
 

 MCL 700.424; MSA 27.5424 provides:
 

 (1) A person interested in the welfare of a minor, or a minor if 14 years of age or older, may petition for the appointment of a guardian of the minor. The court may order the department of social services or an employee or agent of the court to conduct an investigation of the proposed guardianship and file a written report of the investigation.
 

 (2) The court may appoint a guardian for an unmarried minor if any of the following circumstances exist:
 

 (a) The parental rights of both parents or of the surviving parent have been terminated or suspended by prior court order, by judgment of divorce or separate maintenance, by death, by judicial determination of mental incompetency, by disappearance, or by confinement in a place of detention.
 

 (b) The parent or parents have permitted the minor to reside with another person and have not provided the other person with legal authority for the care and maintenance of the minor.
 

 In the instant case, the probate court obtained jurisdiction over the guardianship proceeding when the petitioners, as persons interested in the welfare of the minor children, filed guardianship petitions pursuant to MCL 700.424; MSA 27.5424. At the time the
 
 *256
 
 petitions were filed, the minor children’s mother was deceased and their father was incarcerated. MCL 700.424(2)(a); MSA 27.5424(2)(a). Moreover, Martin had permitted the children to reside with petitioners . following their mother’s death and before executing the power of attorney to Andrews without providing legal authority for the care and maintenance of the children upon his incarceration. MCL 700.424(2)(b); MSA 27.5424(2)(b). It is clear from the plain and unambiguous language in the statute that the Legislature expressly intended for the probate court to assume jurisdiction over guardianship petitions under such circumstances, and we are not persuaded that Martin’s execution of a power of attorney was sufficient to divest the probate court of jurisdiction over otherwise valid guardianship petitions.
 

 Indeed, this Court reached a similar conclusion in
 
 In re Webster,
 
 170 Mich App 100, 105; 427 NW2d 596 (1988), where this Court rejected the respondent mother’s argument that the probate court never acquired jurisdiction over the minor child because the respondent executed a power of attorney granting parental authority of the child to a relative. This Court found that the Department of Social Services had submitted sufficient evidence in support of its neglect petition to permit the probate court to assume jurisdiction over the minor child under MCL 712A.2(b); MSA 27.3178(598.2)(b), and that the respondent’s execution of a power of attorney “was ineffective to thwart this jurisdiction.”
 
 Webster, supra
 
 at 106.
 

 We note that by executing a power of attorney, thereby delegating his parental rights to Andrews, Martin in no way created a guardianship on behalf of
 
 *257
 
 Andrews. See OAG 1979-1980, No 5782, p 1002 (September 17, 1980). A power of attorney is, by statute, revocable at will and only effective for six months. MCL 700.405; MSA 27.5405. When the power of attorney expires, the legal authority to care for the children terminates. As such, the person with custody of the child no longer has legal power, authority, or obligation with regard to the welfare of the child. In contrast, an appointed guardian of a minor “has the powers and responsibilities of a parent” and must “facilitate the ward’s education and social or other activities, and shall authorize medical or other professional care, treatment, or advice.” MCL 700.431(l)(c); MSA 27.5431(l)(c). In light of the nature of the charges pending against Martin when this case originated,
 
 [1]
 
 the power of attorney granting parental authority to Andrews did not address the long-term needs of the children and, therefore, a guardianship proceeding was appropriate to ensure their well-being.
 

 Finally, we find respondent’s and the probate court’s reliance on the Supreme Court’s holding and rationale in
 
 In re Taurus F,
 
 415 Mich 512; 330 NW2d 33 (1982), misplaced.
 
 Taurus F
 
 does not address whether execution of a power of attorney prevents the probate court from assuming jurisdiction over guardianship proceedings pursuant to a valid petition for guardianship rights. Rather,
 
 Taurus F
 
 involved the more narrow question whether the probate court had jurisdiction under the Juvenile Code to consider a
 
 *258
 
 petition filed by the Department of Social Services to terminate parental rights, where the child had already been entrusted to a relative who provided a suitable home for foster care, as required by MCL 712A.2(b); MSA 27.3178(598.2)(b).
 
 Taurus F, supra
 
 at 542-543. Conversely, the instant case is not a situation in which an incarcerated parent attempts to give
 
 permanent
 
 custody of the minor children to a relative and the probate court is asked to determine whether the relative can provide proper care and a suitable home. Instead, respondent Martin attempted to
 
 temporarily
 
 transfer his parental authority to his sister pursuant to a power of attorney, without any apparent regard in planning for the long-term needs of the children. Thus, the facts and circumstances here are readily distinguishable from those presented in
 
 Taurus F, supra.
 

 [2]
 

 See also
 
 In the Matter of Pasco,
 
 150 Mich App 816, 822-823; 389 NW2d 188 (1986).
 

 Therefore, because we conclude that the execution of a power of attorney does not divest the probate court of jurisdiction over guardianship proceedings,
 
 In re Webster, supra,
 
 we reverse the probate court’s order dismissing this action for lack of jurisdiction. However, under the unique circumstances of this case, remand for a hearing regarding the petitioner’s guardianship petitions is unnecessary.
 

 Reversed.
 

 [1]
 

 Martin was charged with open murder in the death of his wife, the mother of the minor children. During the pendency of this appeal, Martin was convicted of second-degree murder and was sentenced to life in prison.
 

 [2]
 

 We note that the holding of
 
 In re Taurus F
 
 is the product of an equally divided Supreme Court and, without a majority opinion, it is of diminished precedential value.
 
 Drielick v Drielick,
 
 151 Mich App 665, 675; 391 NW2d 435 (1986).