# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GUARDIANSHIP OF ALICE KRAUSE.

---

LYNN M. MAISON, as Successor Guardian of
ALICE KRAUSE, a Legally Incapacitated
Individual,

UNPUBLISHED
December 27, 2018

Petitioner-Appellant,

v

No. 341153
Macomb Probate Court
LC No. 2012-207919-GA

CAROLINE KRAUSE-IAFRATE,

Respondent-Appellee.

---

Before: STEPHENS, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

Petitioner, Lynn Maison, guardian of Alice Krause, appeals as of right the probate court's order denying an emergency petition for entry of a stipulated order detailing a transition plan for Krause's relocation filed by her daughter, respondent Caroline Krause-Iafrate. We reverse and remand.

Krause is an elderly woman with two daughters, including Krause-Iafrate. Krause's history of mental illness and alcohol abuse precipitated her need for a guardian. At the time of the filing of the original petition for appointment of a guardian in 2012, Krause was estranged from her children, and petitioner became her court-appointed guardian in 2013. Sometime between 2013 and 2015, Krause resumed phone contact with Krause-Iafrate. In 2015, Krause-Iafrate traveled to Michigan to discuss plans to transition Krause to North Carolina, where Krause-Iafrate resided with her spouse and children. Krause desired the move and to be close to her family. However, those plans were placed on hold when Krause was diagnosed with lymphoma.

In May 2017, Krause's PET scan revealed no signs of malignancy and she expressed her desire to relocate to North Carolina immediately. Petitioner was concerned that an impulsive move would be detrimental and requested that a transitional plan be developed for Krause's relocation. Krause-Iafrate agreed that a transitional plan was needed, and she filed a petition to be appointed as Krause's successor guardian in order to effectuate the move. The probate court

-1-

enlisted the help of a guardian ad litem, who confirmed Krause's desire to relocate with her family but recommended that Krause-Iafrate's motions be denied or placed in abeyance until such time that a transitional plan could be developed and implemented for a trial period of residency in North Carolina. The probate court appointed an attorney for Krause and ordered a six-month adjournment of the motions.

Subsequently, petitioner, Krause-Iafrate, and Krause's newly appointed attorney worked together to develop a transition plan that would allow the Michigan guardianship to remain in force during a 180-day transitional period in which Krause would relocate to a residential facility in North Carolina that was in close proximity to Krause-Iafrate's home and work. The transitional plan required a hearing at the completion of the 180-day transitional period to determine whether guardianship should continue in Michigan or whether guardianship by Krause-Iafrate would be appropriate in North Carolina. The probate court denied Krause-Iafrate's petition to enter the stipulated order after concluding that if Krause were out-of-state, she would be beyond the jurisdiction of the probate court.

On appeal, petitioner argues that the probate court improperly denied respondent's emergency petition for entry of the stipulated order on the basis of its erroneous belief that it would not retain jurisdiction over Krause if she were removed from Michigan. We agree.

Jurisdictional issues are reviewed de novo on appeal. *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 153; 782 NW2d 806 (2010). This Court also "reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Bibi Guardianship*, 315 Mich App 323, 328, 890 NW2d 387 (2016). An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. at 329 (quotation marks and citation omitted). The probate court "necessarily abuses its discretion when it makes an error of law." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Bibi*, 315 Mich App at 328 (quotation marks and citation omitted).

"Jurisdiction, when applied to courts, is the power to hear and determine a cause or matter. Jurisdiction lies at the foundation of all legal adjudications." *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992) (quotation marks and citations omitted). "Probate courts are courts of limited jurisdiction and derive their jurisdiction and power from statutory authority." *In re Martin*, 237 Mich App 253, 255; 602 NW2d 630 (1999); see also MCL 700.1201; MCL 700.1203(1). The probate court has exclusive legal and equitable jurisdiction over "a proceeding that concerns a guardianship, conservatorship, or protective proceeding." MCL 700.1302(c).

MCL 700.5317 provides:

> (1) The court in the county where the ward resides has concurrent jurisdiction over resignation, removal, accounting, and other proceedings relating to the guardianship with the court that appointed the guardian or in which acceptance of a parental or spousal appointment was filed.

-2-

(2) If the court in the county where the ward resides is not the court in which acceptance of appointment is filed, the court in which a proceeding is commenced after the appointment in appropriate cases shall notify the other court, in this or another state, and after consultation with that court, shall determine whether to retain jurisdiction or transfer the proceeding to the other court, whichever is in the best interests of the ward. After this determination is made, the court accepting a resignation or removing a guardian shall direct this fiduciary to prepare and submit a final report to both courts. A copy of an order accepting a resignation or removing a guardian and a copy of the final report must be sent to the court in which acceptance of appointment is filed. The court entering this order may permit closing of the guardianship in the court in which acceptance of appointment is filed, without notice to interested persons.

Thus, "the transfer of jurisdiction is contingent upon the occurrence of a final accounting and resignation by the guardian in the court in which the letters of authority were issued." *In re Thomas Estate*, 211 Mich App 594, 598-599; 536 NW2d 579 (1995). Furthermore, the Full Faith and Credit Clause of the United States Constitution, US Const, art IV, § 1, " 'requires that a foreign judgment be given the same effect that it has in the state of its rendition.' " *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 620; 692 NW2d 388 (2004) (citation omitted).

In this case, the subject guardianship proceedings were initially commenced in the Macomb Probate Court. The probate court appointed petitioner as Krause's guardian. After petitioner learned that Krause desired to make the transition to North Carolina to live closer to relatives, petitioner asked the court to implement a transitional plan to ensure Krause's physical and emotional well-being. Following a hearing on the motion, petitioner, respondent, and Krause's court-appointed attorney developed a transitional plan to be supported by a court order to ensure compliance. The petition indicated that the probate court would retain jurisdiction by virtue of the continued guardianship proceedings. Furthermore, the proposed order included a clause indicating that "at the end of the 180-day transition period, a hearing will be held to determine if the Guardianship over Alice Krause should continue in Michigan or be terminated upon the commencement of a new Guardianship proceeding in North Carolina." The trial court, however, indicated its belief that it would not have jurisdiction once Krause left the state.[1] Despite counsel's argument regarding the utility of the Full Faith and Credit Clause, the probate court disagreed.

---

[1] Petitioner indicates that during an unrecorded portion of the hearing, the probate court asserted that it lacked the authority to enter the stipulated order because it would not retain jurisdiction following Krause's removal from Michigan. The portion of the record transcribed, however, includes only the probate court's conclusion that it would lose jurisdiction if it entered the order—not that it lacked authority to enter the order in the first instance. In any event, in light of our conclusion that the probate court's decision was premised on its error of law concerning jurisdiction, we need not address this discrepancy.

Petitioner avers that a final guardianship report has not been filed and that the probate court was not required to terminate the guardianship proceedings in order to enter the stipulated order. Furthermore, petitioner did not seek to resign. These assertions are undisputed, and indeed would not change as a result of the probate court's entry of the stipulated order. "[T]he transfer of jurisdiction is contingent upon the occurrence of a final accounting and resignation by the guardian in the court in which the letters of authority were issued." *Thomas Estate*, 211 Mich App at 599. Accordingly, the probate court would continue to have a statutory basis for jurisdiction, and even if Krause's relocation to North Carolina were effectuated, the probate court would retain jurisdiction under both the stipulated order and MCL 700.5317.

Furthermore, North Carolina subscribes to the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (UAGPPJA). NCGS 35B-1. The public policy goals of the UAGPPJA include establishing "procedures for transferring guardianship from one state to another state when the incapacitated adult moves" and providing "a uniform national system for registration and enforcement of out-of-state guardianship orders." NCGS 35B-1(d). In order to confirm a transfer of a guardianship to North Carolina, a petition to transfer "must include a certified copy of the other state's provisional order of transfer." NCGS 35B-31(a). Furthermore, a provisional petition for transfer is not to be granted if "an objection is made and the objector establishes that transfer of the proceeding would be contrary to the interests of the incapacitated or protected person." NCGS 35B-31(d)(1). Additionally, NCGS 35B-31(g) specifically recognizes the jurisdiction of other states:

> In granting a petition under this section, the court shall recognize a general guardianship, guardianship of the person, or guardianship of the estate order from the other state, including the determination of the incapacitated or protected person's incapacity and the appointment of the general guardian, guardian of the person, or guardian of the estate.

Accordingly, North Carolina's courts would recognize the jurisdiction of the Michigan probate court and would require an order of transfer before allowing a transfer of guardianship. Petitioner also would maintain the ability to raise an objection to the transfer if the transfer was not in Krause's best interests.

Ultimately, if a permanent relocation to North Carolina were in Krause's best interests after the 180-day transition period, the probate court would remain in a position to make the determination as to whether it should transfer the guardianship proceedings to the jurisdiction of a North Carolina court. MCL 700.5317; NCGS 35B-31(a). Any orders arising out of the Macomb County guardianship proceedings would remain enforceable under the Full Faith and Credit Clause, MCL 700.5317, and NSGS 35B-31(g). In sum, the probate court would remain in a position to safeguard Krause and her interests until it was convinced that a transfer was in Krause's best interests. Therefore, the probate court clearly erred by concluding that it would no longer have jurisdiction over Krause following entry of the proposed stipulated order. Accordingly, we conclude that the probate court abused its discretion by denying respondent's emergency motion for entry of the stipulated order *on the basis of this error of law.* Thus, on remand, the probate court will still need to consider whether the stipulated order contained terms appropriate and sufficient to protect Krause.

     We reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel