NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PETER BAKER and MARY LANE, *Plaintiffs/Appellants*,

*v.*

BRUCE LUDEKE, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0324
FILED 6-6-2019

Appeal from the Superior Court in Navajo County
No. S0900CV201500044
The Honorable Dale P. Nielson, Judge

**AFFIRMED IN PART; REVERSED IN PART**

COUNSEL

Law Office of Alan K. Wittig, P.C., Queen Creek
By Alan K. Wittig
*Counsel for Plaintiffs/Appellants*

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Defendants/Appellees Ludeke, Scalese, Lind, Lawrence, Mosier, Farner, Dempsey and Ulibarri*

Law Offices of Farley & Choate, Phoenix
By Kevin M. Arnold
*Counsel for Defendants/Appellees Ron and Irene T. Saffer*

Nicholas D. Patton, Attorney at Law, PLLC, Show Low
By Nicholas D. Patton
*Counsel for Defendants/Appellees Fred and Maria Ochoa and Ann Justus*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**C R U Z**, Judge:

¶1        Peter Baker and Mary Lane ("Appellants") filed a civil action against numerous individual and associational defendants ("Appellees") alleging breach of quiet enjoyment, discrimination, trespass, theft, and fraud.  Each of Appellants' claims were resolved in favor of Appellees at various pretrial stages.  On appeal, we affirm the court's dismissal of all but the trespass and theft claims.  We vacate the court's orders of default judgment, and remand for the court to enter a judgment that Appellants lacked standing on those remaining claims of trespass and theft.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2014, the Pinetop Lakes Association and Country Club (the "Association") obtained injunctive relief to enter Appellants' property after months of failed efforts to have Appellants' property brought into compliance with the Association's Covenant, Conditions and Restrictions.  In January 2015, Appellants sued the Association along with dozens of named officials—many of whom were identified as Association members (the "Association Defendants"), and many of whom were named in an individual capacity as non-members (Appellees).  In their complaint, Appellants alleged three claims of discrimination and one claim each of breach of quiet enjoyment, trespass, theft, and fraud.

¶3            Attorney Sterling Solomon filed a motion to dismiss the complaint in its entirety; he later appeared in court to defend the motion, along with attorney Mark Saul.  Solomon indicated to the court that he did not represent every defendant, but had filed the motion to dismiss under the belief that Appellants' claims were completely baseless, that there would be no need for proceedings beyond dismissal, and that many of the defendants should not have been named at all.  The court granted the motion as to every claim except for trespass and theft.

¶4            Appellants, under the impression that Solomon's appearance constituted sufficient notice of the complaint to all defendants under Arizona Rule of Civil Procedure ("Rule") 4(f)(3), filed an application for default judgment against Appellees, who had not filed timely answers.[1]  The clerk of the court entered default against Appellees.  But at the December 9, 2015 hearing, the court declined to enter default judgment against Appellees because Appellants claimed over $12,000,000 in damages.  The court was unsure whether Solomon's motion to dismiss could be deemed acceptance or waiver of service by the large number of Appellees when Solomon never identified as attorney for each of them by name, and they may not have been aware of the case against them, or of Solomon's appearance on their behalf.  Instead, the court enlarged the time for all Appellees to file their answers.

¶5            On July 19, 2016, Solomon filed a "Notice of Non-Representation" stating he represented no one in the superior court matter.  Appellants requested the court issue sanctions against Solomon for unreasonably expanding or delaying the proceedings as a result of his limited appearance and of his failure to identify his clients in a clear and timely fashion.  The request was denied.

¶6            As a result of the court's December 9, 2015 ruling, Appellants served (or attempted to serve) each of the Appellees, and most Appellees filed answers through their newly-retained attorney Brett Rigg.  A hearing was held in February 2017 "to determine the issue of damages as against non-association defendants who were in default."  The court stated that it found Appellant Lane's testimony unconvincing and that Appellants failed to provide adequate evidence of damages stemming from their claims of

---

[1]      The Association Defendants filed timely answers and were later granted summary judgment as to the remaining claims.  Appellants did not appeal against Association Defendants, and they are no longer party to these proceedings.

theft and trespass.[2]  Appellees eventually filed a motion to dismiss/motion for summary judgment.  On June 27, 2017, the court signed two orders.  In one order it granted Appellees' motion to dismiss and motion for summary judgment.  In the second order, it "dismisse[d] [Appellants'] claims against all remaining defendants."  On December 19, 2017, the court declined to order costs to Appellants because "no information regarding costs had been submitted."  The court ultimately granted fees and costs to Appellees.  On August 4, 2017, the court, finding Appellants had been awarded no damages and that "the claims of the [Appellants] were without merit and that [Appellants] suffered no injury resulting in damages," denied Appellants' motion for attorneys' fees and costs.  Appellants' motion for reconsideration was denied.

¶7        The court entered its appealable judgment in May 2018.  Appellants timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8        In their opening brief, Appellants raise the following issues, which we address in turn:

(1) Dismissal of the claims of breach of quiet enjoyment, discrimination, trespass, and theft;

(2) Denial of the motion to amend their complaint to include racketeering claims;

(3) Denial of the motion to levy sanctions against Solomon; and

(4) Denial of the request for fees and costs.

I.        The Doctrine of Quiet Enjoyment

¶9        Appellants argue the court erred by dismissing their claim for breach of quiet enjoyment.  We agree with Appellees that quiet enjoyment is a right possessed by tenants and is only enforceable against their landlord.  *See, e.g.*, *Johansen v. Ariz. Hotel*, 37 Ariz. 166, 173 (1930) (affirming

---

[2]     We note that actual damages are not a requisite for civil trespass claims.  *SWC Baseline & Crimson Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 292, ¶ 95 (App. 2011).

the law in Arizona "that there is an implied covenant in a lease for the quiet enjoyment of the premises by the lessee free from any interference *on the part of the landlord*") (emphasis added) (citation omitted). In *Thompson v. Harris*, this court noted the lack of any case in Arizona applying the right of quiet enjoyment to the activities of other tenants, but cited ten other jurisdictions that recognized that such a right "does not extend to acts of other tenants or third parties unless such acts are performed on behalf of the landlord or by one claiming paramount title." 9 Ariz. App. 341, 345 (1969) (citations omitted). Appellants point to no case since *Thompson* that deviates from that holding.

**¶10** Appellants instead cite Article 2, § 8 of the Arizona Constitution, which provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." This—our state's constitutional equivalent of the Fourth Amendment to the United States Constitution—applies only to state action and is thus inapplicable to a civil action against one's neighbors. *See State v. Wilson*, 237 Ariz. 296, 298, ¶ 7 (2015) ("Both the Fourth Amendment to the United States Constitution and Article 2, Section 8 of the Arizona Constitution protect against unlawful searches and seizures.").

**¶11** Appellants also point to *Frisby v. Schultz*, 487 U.S. 474 (1988), but reliance on this authority is similarly misguided. *Frisby* addressed whether a city ordinance that made it unlawful to picket outside a residential dwelling violated the First Amendment. *Id.* at 474. Discussing the city's interest in preserving the peace in residential areas, the Court noted that "[t]he devastating effect of targeted picketing on the quiet enjoyment of the home is beyond doubt." *Id.* at 486. The discussion of quiet enjoyment began and ended there—the Court did not go on to bestow homeowners with a breach-of-quiet-enjoyment action against the picketers. Therefore, the case is wholly inapposite. The Appellants' claim for breach of quiet enjoyment is unsupported in Arizona law and in fact. The court rightfully dismissed this claim.

II.     Discrimination Claims

**¶12** The court also granted Appellees' motion to dismiss as to Appellants' three counts of discrimination. When evaluating a complaint in light of a motion to dismiss, our state's courts look to the complaint's "well-pled facts," *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008), and are not permitted "to speculate about hypothetical facts that might entitle the plaintiff to relief," *id.* at 420, ¶ 14. "[M]ere conclusory statements are insufficient to state a claim upon which relief can be

granted," and when that is the case, the court may properly grant a motion to dismiss. *Id.* at 419, ¶ 7. Finally, before granting a motion to dismiss under Rule 12(b)(6), the court should give the non-moving party a chance to amend the complaint if such amendment may cure the defect. *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26 (App. 1999) (citation omitted).

**¶13** Each of Appellants' three causes of action alleges that Appellees "engaged in discriminatory practices against [Appellants] . . . by conspiring to trespass and facilitate trespass to [their] residence, conspir[ed] and facilitat[ed] theft of property from [their] residence, fil[ed] false documents with the Court and otherwise engaged in acts of intimidation and harassment." The Appellants distinguish among the three causes of action by differentiating the bases of the discrimination, namely: (1) the disability of Appellant Lane; (2) the race of Appellant Baker; and (3) the fact that Appellants are an interracial couple. However, Appellants' complaint alleges no facts that would entitle them to relief under the Fair Housing acts of either Arizona[3] or the United States, nor do they raise any such facts in their response to Appellees' Rule 12(b)(6) motion. The complaint essentially collects each of the non-discrimination causes of action under new headers, alleges that those acts were carried out because of disability or race, and supplies the court with no facts by which that conclusion may be drawn. The record is also bare of any evidence that Appellants requested leave of the court to amend their complaint, and to this day provide no evidence that might cure the defective pleading. *Wigglesworth*, 195 Ariz. at 439, ¶ 26. Because the court may not "speculate about hypothetical facts," we hold that the court properly dismissed the discrimination causes of action for insufficiency of the evidence. *Cullen*, 218 Ariz. at 420, ¶ 14.

III.    Entry of Default and Standing Regarding the Theft and Trespass Claims

**¶14** In response to Appellants' initial complaint, attorney Solomon filed a motion to dismiss as to each count. The record supports the court's implicit finding that Solomon filed that motion and appeared in

---

[3]    Appellees also allege that the Fair Housing statutes of Arizona do not permit a private right of action, pursuant to the instruction in A.R.S. § 41-1491.09 that the attorney general receive and act upon complaints alleging Fair Housing violations. *Contra* 42 U.S.C. § 3613 (providing for enforcement by private persons in instances of discriminatory housing practices). Because we dispose of these causes of action on other procedural grounds, we decline to address this issue.

open court to defend it in a limited capacity. Solomon did not hold himself out to represent the Appellees individually, stating that "the motion to dismiss was filed on behalf of the entity because we don't believe [the claims] would survive either against the [Association] or the individuals." Solomon explains that he viewed the motion (and his representation and defense of it) as "preliminary in nature," that he believed that exactly whom he represented was irrelevant at that point, and that "most of [the Appellees] should never even have been named"—an argument that "can be made by their own individual counselor they choose to hire before this case does proceed any further." There is no support for the proposition that at the time Solomon argued his motion to dismiss all defendants had agreed or consented to his appearance on their behalf.

¶15 Although the court accepted Solomon's representation that his appearance was limited to argument on the motion to dismiss, it nevertheless stated in its later minute entry that "Solomon's appearance in the case through the filing of a motion to dismiss [was] sufficient notice of representation." But the court errantly failed to specify, in light of Solomon's statements regarding his limited capacity of representation at that juncture, which of the dozens of named defendants Solomon's appearance applied to going forward.

¶16 Because of this error, some of the Appellees did not file timely answers after the court disposed of the initial motion to dismiss. On the other hand, Appellants—relying on the court's indication that Solomon represented all defendants pursuant to Rule 4(f)(3)—filed an affidavit of default as to Appellees. The clerk of the court, finding no answers for Appellees on the record, automatically entered the default.

¶17 On review of the transcript of the hearing on the motion to dismiss, we believe it was clear that Solomon did not appear as counsel for each individual Appellee, and therefore service on Appellees could not have been waived by Solomon's filing of the motion to dismiss, nor by his appearance in court. Ariz. R. Civ. P. 4(f)(3). Appellants points to nothing in the record showing that Appellees were otherwise served, or even put on notice of the claims against them. The default against Appellees was therefore ineffective—we vacate all orders relating to the default.[4]

---

[4] Appellants also appeal the court's denial of their motion to amend their complaint to include allegations of racketeering under A.R.S. § 13-2314.04. Because we hold Appellants had no standing to pursue their

¶18          We now reach the question of whether, with their default judgment vacated, Appellants had any authority to pursue their trespass and theft claims beyond the year 2015. The power of attorney authorizing Appellants to sue for the alleged theft and trespass on behalf of the prior property owner, Mr. Butters, expired on December 31, 2015. We can find no support for the proposition that a power of attorney continues to convey authority to its named holder beyond its expiration, even if proceedings based upon that authority are mid-stroke; other jurisdictions have held in other types of proceedings, however, that "[w]hen the power of attorney expires, the legal authority . . . terminates." *Cf. In re Martin*, 237 Mich. App. 253, 257 (Mich. Ct. App. 1999) (discussing an expired power of attorney to exercise parental authority over minor children).

¶19          We hold today that if a power of attorney providing its named holder authority to pursue a claim on behalf of another expires before a final entry of judgment disposing of that claim, then the holder of that power of attorney is precluded from continuing to pursue that claim. *See Henry v. Lane*, 128 F. 243, 255-56 (5th Cir. 1904) ("Of course, after the power of attorney expired by limitation, the appellant was not in any way [] bound by any declarations of his agents . . . or by concessions made by the appellee."). In light of this holding, Appellants were barred from continuing to seek damages for trespass and theft after their power of attorney expired on December 31, 2015. We vacate the court's orders relating to default against Appellees and order the superior court to enter judgment against Appellants for lack of standing.

IV.     Sanctions Against Solomon Were Appropriately Denied

¶20          Appellants contend that the court erred when it denied their motion for sanctions against Solomon under A.R.S. § 12-349(A)(3). At issue is whether Solomon's behavior delayed or expanded the proceedings. A.R.S. § 12-349(A)(3). "We review application of a statute *de novo.*" *Solimeno v. Yonan*, 224 Ariz. 74, 81, ¶ 30 (App. 2010) (citation omitted).

¶21          In its order denying Appellants' motion, the court laid out the somewhat confusing nature of Solomon's role in the proceedings, and noted that "the case has had some setbacks as a result of" his failure to state whom he represented until seven months after ordered to do so. But the court concluded that because of the immense nature of the case— Appellants began serving over forty defendants after Solomon filed his

claims of trespass and theft, they cannot rely on the facts underlying those claims to pursue this additional claim.

motion to dismiss—"it will of necessity take a considerable amount of time to resolve," and Solomon's behavior did "not contribute[] to either expanding or delaying the proceedings." On review of the record, we believe the court correctly applied § 12-349(A)(3), and decline to overturn its denial of Appellants' motion for sanctions against Solomon.

V.     Fees and Costs

**¶22**         Because we vacate any judgment below in favor of Appellants, they have no claim to fees and costs below. Appellees request their fees and costs on appeal. In our discretion, we deny their request for fees. However, as the prevailing party on appeal, Appellees are entitled to their costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶23**         We affirm dismissal of all but the trespass and theft claims. We vacate the court's orders regarding default judgment, and remand for the court to enter a judgment that Appellants lacked standing to continue to maintain the lawsuit against Appellees for the claims of trespass and theft.

